[Civ. No. 7557.   Third Dist.   Feb. 1, 1949.]

C. A. LUNDY, Respondent, v. JAMES T. LAKIN et al.,
Appellants.

Hardin Barry for Appellants.

Downey, Brand, Seymour & Rohwer and Wm. H. Macmillan
for Respondent.

THOMPSON, J.—The appellants applied to this court
to be relieved from default in failing to file their opening brief
within the time allowed therefor, and to set aside an order
dismissing the appeal. Upon notice given on this court's own
initiative under rule 17 of Rules on Appeal, the appeal was
dismissed for failure to file the brief. The motion for relief
and to reinstate the appeal was opposed by the respondent.
The motion was heard upon affidavits filed by the respective
parties.

This was a suit to quiet title to 253 acres of mining land
in Plumas County. The defendants answered the complaint
denying the essential allegations thereof, and filed a cross-
complaint seeking to quiet title in them to a portion of said
land which they claimed they had acquired and operated as
a placer mining enterprise. The trial court quieted title to

the entire tract in plaintiff, and determined that defendants had no right, title or interest in any portion thereof. Notice of appeal was promptly filed. The record is voluminous. The transcripts contain 630 pages.

The decree quieting title was filed February 5, 1948. A motion for new trial was denied March 30th. Notice of appeal to the Supreme Court was filed April 12th. The cause was subsequently transferred to this court. The transcripts were filed in this court on May 10th. June 8th, the parties stipulated to extend the time for filing defendants' opening brief to September 11th. The time for filing that brief was twice extended by this court, terminating on November 9th. No further extension of time was requested. The brief not having then been filed, this court, on its own initiative, dismissed the appeal on November 15th. Defendants, having been notified of the dismissal, served notice on respondent, on November 18th, that they would move this court for relief from said default on December 3d. Defendants received their printed brief, consisting of 225 pages, on December 2d, and filed it in this court the following day. The motion was heard on affidavits.

After oral arguments and a careful consideration of the affidavits, we have concluded that the discretion which is vested in this court on such motion should be exercised in favor of appellants. That discretion is contemplated by the provisions of said rule 17, and by the authorities of this state. Under the circumstances of this case, we think the defendants should be relieved of default, and that the order dismissing the appeal should be set aside and the appeal reinstated.

We must assume from the labor and expense involved in the intricate and voluminous record of this appeal that appellants are in good faith in taking their appeal. It appears that defendants had but one attorney, who lives in Susanville, Lassen County, upon whom the entire labor of perfecting the appeal rested; that the only client upon whom he could rely for consultation upon pertinent facts with relation to the appeal was Major James T. Lakin who is engaged in the United States military service, and who was called to Washington, D. C., in July, 1948, where he remained in performance of his military duties until the time of the hearing, depriving counsel of his aid; that appellants paid the sum of $675 for the transcripts, and the further sum of $500 for preparing and printing the opening brief; that appellants' attorney was unable to use a typewriter and was without the

assistance of any other attorney; that he exercised diligence in perfecting the appeal, so far as he was able to do so under the circumstances; that he lost his secretary, who had previously been employed for 15 years, on account of serious illness in April, 1948, and found it difficult in that remote vicinity to hire another secretary to aid him; that he promptly employed three other secretaries in succession, each of whom for good and unavoidable reasons, was compelled to and did leave his employment after very brief service; that, in an effort to complete the brief within the time allowed, he was compelled to and did employ the official court reporter to assist him, but that the reporter was interrupted in his work by the frequent, necessary official court duties which he was compelled to perform; that when his brief was nearly completed, shortly prior to the expiration of his time on November 9th, he was suddenly called to the bedside of his aged and infirm mother at Monterey on account of her serious illness, where he was detained longer than he had expected, so that his manuscript for the brief was not placed in the hands of Pernau-Walsh Printing Company for printing until shortly after November 9th, but was forwarded for printing shortly thereafter and was completed and received on December 2d, and filed in this court the following day; that said brief was placed in the hands of the printer before the attorney was notified of the dismissal of the appeal on November 15th.

In response to respondent's affidavit of averred detriment on account of the delay in disposing of the appeal, the affidavit of appellants states that respondent is not damaged by the delay for the reason that he has had actual possession of said land ever since the decree was rendered, and that defendants were enjoined from interfering with his possession. We think respondent's averred detriment on account of the delay is not of controlling merit. It appears from appellants' affidavit that respondent's asserted purpose of leasing the land for placer mining purpose would not be seriously interfered with, because such mining operations in that vicinity cannot be conducted in the winter months. Moreover, it will be observed that the respondent himself stipulated to an extension of time to file the brief until September 11th. No lack of diligence in perfecting the appeal led the respondent to move for a dismissal of the appeal. The notice to file the opening brief was given in this case under rule 17, on the court's own initiative.

It is true that the court rules requiring prompt action on the part of appellants to perfect and prosecute their appeals with diligence should be strictly complied with in every respect. It is the purpose of the law to expedite appeals in the interest of justice, and to discourage dilatory proceedings. But it has been frequently said by our courts that it is also the policy of the law to hear all appeals on their merits, if it is reasonably possible to do so. (*Jarkieh* v. *Badagliacco,* 68 Cal.App.2d 426, 431 [156 P.2d 969] ; *Clement* v. *Reclamation Board, ante,* pp. 115, 118 [200 P.2d 196] ; *Murphy* v. *Krumm,* 21 Cal.2d 846, 850 [136 P.2d 8].) In the case last cited the appeal was dismissed, but three justices dissented to that order. Each motion to dismiss an appeal for lack of diligence must necessarily be determined on its particular facts.

We conclude that the unusual facts of this case warrant us in relieving appellants from default as prayed for. The asserted lack of diligence in this case is wholly attributable to the one attorney who represented appellants under adverse circumstances, which we are convinced should reasonably excuse the slight delay. We think sufficient excuse for that delay has been shown.

The judgment of dismissal is therefore set aside, and the appeal is reinstated. The respondent is allowed 20 days after notice of reinstatement of this appeal in which to file his brief on appeal.

Adams, P. J., and Peek, J., concurred.