[Civ. No. 22053. Second Dist., Div. One. Nov. 26, 1956.]

Estate of GERTRUDE WOLPER, Deceased. ERVING WOLPER, Appellant, v. LARRY WOLPER et al., Respondents.

Benjamin D. Brown for Appellant.

Alfred J. Smallberg for Respondents.

DORAN, J.—A judgment was entered on July 25, 1956, admitting to probate the decedent's will which had been contested by appellant, a son who had been disinherited in the will. Among other things, the contestant claimed that the decedent was acting under undue influence exercised by David Wolper, another son, who was favored in the will. There was no motion for a new trial, and notice of appeal was filed on August 6, 1956. The clerk's certificate indicates that there was no stipulation to prepare an agreed statement, or any proposed narrative statement, nor any order extending the time for preparation of such record, and that no record was certified due to the fact that no payment had been received by the clerk within the time prescribed by rule 5(c) of Rules of Appeal.

The respondents' motion to dismiss the appeal is predicated on appellant's failure to comply with rules 4(a) and (c) providing that a notice of appeal shall not be effective unless within 10 days after notification, appellant shall either deposit with the clerk the cost of preparing a reporter's transcript or secure a waiver of such deposit by the reporter. Upon being notified of estimated cost in the sum of $315, appellant failed to comply with the above rules.

The motion to dismiss also relies upon rule 5(c), making a similar requirement in respect to preparation of a clerk's transcript. It appears from respondents' motion that "A letter by Respondents' attorney to Appellant indicated that a Motion to Dismiss the Appeal would be made unless payment of costs was made by the 13th"; that on September 13, 1956, the clerk delivered to respondent's attorney the clerk's certificate re dismissal at about 3 p. .m, and that sometime thereafter, on the same day, appellant's attorney paid to the clerk the cost of the clerk's transcript.

Rule 7(a) provides that appellant within 30 days after notice, shall serve a condensed statement in narrative form,

but appellant has not initiated any such proceeding. Rule 10 provides that where failure to comply with rules is the fault of appellant, the appeal may be dismissed.

Respondents' amended motion to dismiss appeal was filed on October 1, 1956, and on October 19, 1956, appellant filed a motion to be relieved of default on the ground of surprise, inadvertence, excusable neglect and mistake. The supporting affidavit avers that appellant was without sufficient funds to pay the $315 required for the reporter's transcript, and that the sum of $43.55 was paid to the clerk for the clerk's transcript on September 13, 1956.

Appellant's affidavit states that "It is the opinion of affiant that regardless of the availability of the testimony . . . there are errors which will be disclosed by the Judgment Roll and the papers contained in the Clerk's Transcript involving notices to certain heirs and proceedings taken without notice . . . and that essentially a trial was held without the proper participation of all named heirs in the Will, and that Appellant's right to a jury trial thereby has not been waived."

The respondents' counter affidavit calls attention to the fact that appellant "was and is fully aware of the fact that no money was required . . . to initiate proceedings for a settled statement," and that a narrative statement in lieu of a reporter's transcript could have been procured without the outlay of any money; that a jury trial had been duly waived by appellant's counsel, that all interested parties were in court, and that appellant was merely continuing the dilatory tactics previously followed.

■ While it is true that the court has the power to relieve a party from default suffered through inadvertence, surprise, excusable neglect or mistake, these words are not meaningless, and the party requesting such relief must affirmatively show that the situation is one which clearly falls within such category. ■ Likewise, the rules which prescribe the necessary proceedings on appeal and the time within which the various steps shall be taken, are mandatory and should not be relaxed save in those meritorious cases where appellant's fault is clearly excusable.

■ In the instant case, appellant has made no such showing. As is pointed out by the respondents, appellant's counsel must have been fully conversant with the requirements, and with the pecuniary condition of appellant, yet nothing was done to perfect the appeal by settled statement or narrative statement in lieu of a reporter's transcript. In regard to

the clerk's transcript, appellant likewise did nothing until the clerk had made the certificate in re dismissal, whereupon appellant made the required deposit for the clerk's transcript.

As stated in respondents' affidavit, "The Appellant will have gained ten weeks from the time of the Notice of Appeal . . . to the date of this hearing . . . with no evidence before the Court as to how or when the record . . . will be completed and transmitted to this Court in order to expedite the final disposition of the appeal."

The appellant's motion to be relieved of default is denied, and the appeal is dismissed.

White, P. J., and Fourt, J., concurred.