[Civ. No. 6186.   Fourth Dist.   Dec. 15, 1959.]

BART G. BARON, Appellant, v. RUTH VARNEY HELD, Respondent.

Thomas Whelan for Appellant.

Higgs, Fletcher & Mack for Respondent.

THE COURT.—The defendant and respondent moved for a dismissal of the appeal. On May 14, 1959, the clerk of this court gave notice to appellant's counsel requiring the payment of filing fee under rule 10 of the Rules on Appeal. On September 30, 1959, the respondent gave notice of her motion to dismiss the appeal for failure to comply with rule 10, setting date of hearing for October 13. On that day the plaintiff and appellant Bart G. Baron appeared and requested and was granted a continuance in order that he might secure counsel to represent him and oppose the motion. Through his present counsel, he now asks to be relieved from his default and in support of such request asserts that appellant is unfamiliar with legal matters, that he did not understand that it was necessary for him to pay the filing fee, and that he relied upon other counsel whom he had consulted to take care of his interests. He tendered the filing fee and offers to file a brief.

It is stated in *Estate of Wolper*, 146 Cal.App.2d 249 [303 P.2d 578] : "While it is true that the court has the power to relieve a party from default suffered through inadvertence, surprise, excusable neglect or mistake, these words are not meaningless, and the party requesting such relief must affirmatively show that the situation is one which clearly falls within such category. Likewise, the rules which prescribe the necessary proceedings on appeal and the time within which the various steps shall be taken, are mandatory and should not be relaxed save in those meritorious cases where appellant's fault is clearly excusable."

The facts as revealed by the affidavits of the parties reveal that appellant's principal complaint was that the judgment rendered upon the verdict of the jury in his favor was for an inadequate amount of damages, but that counsel who represented appellant upon the trial refused to represent him upon appeal. Appellant therefore consulted another attorney and a reporter's transcript was procured for the purpose of ascertaining whether an appeal should be taken. On April 21, 1959, counsel so employed returned the transcript

to Mr. Baron and advised that in counsel's opinion an appeal was not justified. Counsel advised that appellant dismiss the appeal. On May 4, counsel again wrote appellant enclosing a form of dismissal of appeal and asking that it be signed. On May 20, counsel advised appellant of receipt of notice for filing fees and again urged that the appeal be dismissed. Similar letters were sent by counsel to appellant on June 20, on July 1 and on July 29. On September 23, counsel advised appellant that because of his failure and refusal to respond to letters that he would not under any circumstances represent appellant further in this matter or in another matter that was pending. No action was taken by appellant to perfect the appeal until after notice of motion to dismiss the appeal had been served.

Although the appellate courts are at all times anxious to determine cases upon their merits if that can be fairly done, we find nothing in the record of the case at bar to justify relief from the appellant's default in the instant case. His contention that he did not understand the situation and was depending upon counsel whom he had employed to determine whether an appeal should be taken, finds no support whatever in the record. To permit this appeal to go forward upon such showing of complete disregard for the rules of appeal would be unfair to the respondent.

Appeal dismissed.

A petition for a rehearing was denied January 12, 1960.