[Civ. No. 3489. Fifth Dist. Feb. 21, 1978.]

JACKSON & PERKINS CO., Petitioner, v.
AGRICULTURAL LABOR RELATIONS BOARD, Respondent;
UNITED FARM WORKERS OF AMERICA, AFL-CIO,
Real Party in Interest.

## COUNSEL

Bronson, Bronson & McKinnon, Frederick A. Morgan, R. Stewart Baird, Jr., and Robert J. Stumpf for Petitioner.

Harry J. Delizonna, Ellen Lake, Manuel M. Medeiros, Edwin F. Lowry and Gary Williams for Respondent.

Jerome Cohen, Sanford N. Nathan, Tom Dalzell, Deborah Wiener Peyton, W. Daniel Boone, Glenn Rothner, E. Michael Heumann II, Linton Joaquin, Dianna Lyons and Kirsten Zerger for Real Party in Interest.

## OPINION

**FRANSON, J.**—On April 26, 1977, a decision and order was issued by the Agricultural Labor Relations Board (Board) finding that petitioner had committed an unfair labor practice by denying access to representatives of the United Farm Workers of America, AFL-CIO (UFW), in violation of Labor Code section 1153, subdivision (a). The Board ordered that petitioner cease and desist from the unfair labor practice and take specified affirmative action to effectuate the policies of the act. The decision and order were served by mail on the parties and their counsel on April 27, 1977.

On May 5 the UFW filed a motion for reconsideration with the Board. On May 10 the petitioner likewise filed a motion for reconsideration, which included a response to the UFW motion. On May 31 the petitioner filed a petition for review with this court. On June 7, 1977, the Board denied both motions.

## DISCUSSION

A threshold question arises: does petitioner's failure to file the petition for review within 30 days of the date of the Board's order bar a review? We hold that it does.

Labor Code section 1160.8 provides in pertinent part: "Any person aggrieved by the *final order* of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the court of appeal having jurisdiction . . . by filing in such court a written petition requesting that the order of the board be modified or set aside. *Such petition shall be filed with the court within 30 days from the date of the issuance of the board's order.*" (Italics added.) The petition for review was filed 35 days after the Board's order; however, the motions for reconsideration were pending before the Board at the time.

The question of the timeliness of the petition for review turns upon whether the Board's order of April 26 was a "final order" within the meaning of section 1160.8. Petitioner argues that an order is not "final" for purposes of review if it may still be set aside or modified by the body issuing the order. While this usually is a correct statement of the law, we have concluded that this is not the meaning of the term as used in section 1160.8.

In *United Farm Workers* v. *Agricultural Labor Relations Bd.* (1977) 74 Cal.App.3d 347 [141 Cal.Rptr. 437], the term "final order" as used in section 1160.8 was construed to mean "an order of the board either dismissing a complaint in whole or in part or directing a remedy for the unfair labor practices found." (*Id.* at p. 349.) The court reasoned that since the Legislature had made no provision for a rehearing, it could not have intended the final order to be the rehearing denial. It pointed out that the Board's regulation expressly states that the motion does not stay the Board's order. The court cited federal precedent for this interpretation (*Shell Chemical Company* v. *N. L. R. B.* (5th Cir. 1974) 495 F.2d 1116, 1120).[1]

The Legislature expressly gave the Board authority to reconsider its orders. Labor Code section 1160.3 provides in its final paragraph: "Until the record in a case shall have been filed in a court, as provided in this chapter, the board may, at any time upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it." Apparently, it was under the authority of this provision that the Board adopted its rehearing procedure whereby a party for extraordinary circumstances may move for reconsideration or reopening of the record after the Board decision or

---

[1]The federal authority is not on point. *Shell Chemical Company* v. *N. L. R. B., supra,* 495 F.2d 1116 involved a petition to review a work award entered by the NLRB under title 29, United States Code, section 160, subdivision (k). The federal court interpreted its grant of review jurisdiction under title 29, United States Code, section 160, subdivisions (e) and (f) to refer solely to an order of the board either dismissing a complaint in whole or in part or directing a remedy for an unfair labor practice. Thus, an NLRB order in a jurisdictional dispute was not a final order within the meaning of the review statute. (See also *Laundry Wkrs. Internat'l U.* v. *National Labor Rel. Bd.* (5th Cir. 1952) 197 F.2d 701, 703.)

The "final order" decisions of the federal courts have dealt only with the appealability of NLRB orders and not with the timeliness of the petitions for review. This is understandable since a review under the NLRA is "open ended," i.e., there is no time limitation for the filing of a petition for review.

order.[2] However, the regulation adds nothing to the Board's statutory authority under Labor Code section 1160.3 to modify an order; it merely limits the time and ground for seeking reconsideration. Since the order is subject to modification by the Board at any time before the record is filed with the court, the regulation does not affect the "finality" of the order. Stated otherwise, the order is no more "final" after a denial of reconsideration than when originally entered.

If the Legislature had intended to extend the period within which a petition for review could be filed, it could have done so. (See Lab. Code, §§ 5900, 5901—Workers' Compensation Appeals Board; Gov. Code, §§ 11521, 11523—Administrative Procedure Act.) To the contrary, the Legislature provided the petition for review "*shall* be filed with the court within 30 days from the date of the issuance of the board's order." (Italics added, Lab. Code, § 1160.8.)

■ We interpret the 30-day limitation in section 1160.8 in conjunction with the Board's power to modify its orders in section 1160.3 as follows: If the Board modifies its order before the record is filed, any party aggrieved by the new order has 30 days from the date of modification to petition the court for review. However, if the Board denies the motion for reconsideration, any person aggrieved by the outstanding order has acted at his own peril if he has not filed a petition for review within 30 days of the order. The fact that a party aggrieved by the order has filed a motion for reconsideration does not extend the time within which to file a petition for review. If the party aggrieved by the original order files a petition within 30 days of its issuance and the court thereafter modifies its order before the record is filed, then a party aggrieved by the second order has 30 days from the modification to petition for review.

■ In this case, the petitioner failed to file its petition for review within 30 days of the Board's order, and the Board did not modify its order. Therefore, the petition is untimely.

---

[2]Title 8, California Administrative Code, section 20286, subdivision (c) provides: "A party to a proceeding before the Board may, because of extraordinary circumstances, move for reconsideration or reopening of the record after the Board decision or order. A motion for reconsideration shall be in writing and state with particularity the grounds for reconsideration. Any motion pursuant to this section shall be filed within 10 days after the service of the Board decision or order. A motion filed under this section shall not operate to stay the action of the Board."

A further comment is appropriate. An access remedy unlimited as to the number of union organizers is contrary to the policies of the Agricultural Labor Relations Act. In the present case the administrative law officer ordered expanded access "to include two additional organizers from [*sic*] each work crew on the property," but the Board ordered petitioner to grant "any and all UFW organizers" access to its employees. Since we are holding that we have no jurisdiction to review the Board's order (*United Farm Workers* v. *Agricultural Labor Relations Bd., supra,* 74 Cal.App.3d 347, 350), it follows that the filing of the record with the court did not divest the Board of jurisdiction to modify its order under section 1160.3. We therefore suggest that the Board reconsider the unlimited access provision.

The petition is ordered dismissed.

Brown (G. A.), P. J., and Hopper, J., concurred.

On March 21, 1978, the opinion was modified to read as printed above. Petitioner's application for a hearing by the Supreme Court was denied April 20, 1978. Bird, C.J., did not participate therein.