[L.A. No. 31553. Dec. 6, 1982.]

J. GEORGE PRESSLER, Plaintiff and Respondent, v.
DONALD L. BREN COMPANY, Defendant and Appellant;
DEPARTMENT OF INDUSTRIAL RELATIONS,
Intervener and Respondent.

832

**COUNSEL**

Thomas E. Garcin, Marcia C. Todhunter and Sidley & Austin for Defendant and Appellant.

Marsh, Graves, Fischbeck & Welch and Edward E. Marsh, Jr., for Plaintiff and Respondent.

Laurence T. Emert, H. Thomas Cadell, Jr., Louis Giannini and Carl Joseph for Intervener and Respondent.

---

OPINION

BIRD, C. J.—Does the failure to file a timely notice of appeal from a decision of the Labor Commissioner in an administrative proceeding to recover wages require dismissal of an appeal from his order?

I.

Appellant, Donald L. Bren Company (Bren), employed respondent, J. George Pressler, as a real estate salesman in 1978. Pressler's written contract of employment provided that he was to receive as compensation a commission equal to 1 percent of the sales price of each residence he sold. Sixty-five percent of this commission was designated as payment for making the sale. The remaining 35 percent was for processing the sale through the close of escrow. In the event of termination, Pressler would not receive the second portion of the commission on any sale that was pending as of the date of termination. Employment was made terminable "at any time, with or without cause, upon written notice . . ., in which event [everyone would] be governed by the termination policy set forth . . . ." in the contract.

In 1980, Bren terminated Pressler and paid him 65 percent of the commissions due on his sales which were pending as of the date he was *orally* notified of his termination. Pressler believed that under the terms of the contract, he was entitled to receive the full commission on those sales. Accordingly, he filed an action with the Labor Commissioner to recover the unpaid portion of the commissions, which totalled approximately $18,787.[1]

Following an informal administrative hearing (see § 98, subd. (a)), the Labor Commissioner issued a decision awarding Pressler his full commissions. A copy of this decision was served on each of the parties by certified mail. (See § 98.1, subd. (a).) Bren received a copy on August 14, 1980. Thirteen days later, on August 27, 1980, a notice of appeal was filed in the San Diego County Superior Court by Bren.

---

[1]The Labor Commissioner is the chief executive officer of the Division of Labor Standards Enforcement (see Lab. Code, §§ 21, 79, 82) and is vested by statute with the authority to investigate, hear and determine claims for unpaid compensation. (See Lab. Code, §§ 98, 201, 217.)

All statutory references are to the Labor Code unless otherwise indicated.

Pressler moved to dismiss this appeal on the ground that the superior court did not have jurisdiction to hear the case because Bren's notice of appeal was not filed within the 10-day period provided by section 98.2, subdivision (a).[2] The Labor Commissioner exercised his statutory right to intervene in the court proceedings (see § 98.5) and supported the motion to dismiss.

Bren opposed the motion and argued that under section 473 of the Code of Civil Procedure the court had the authority to allow the notice of appeal to be filed after the expiration of the statutory period.[3] In supporting declarations, Bren's attorney represented that the notice of appeal was prepared on August 18, 1980, and the secretary instructed to mail the original to the superior court for filing with copies to Pressler and the Labor Commissioner. The secretary promptly mailed copies of the notice to the Labor Commissioner and to Pressler, who received them before the expiration of the 10-day period. However, the original with the filing fee was not mailed to the superior court until on or about August 26, 1980. As a result, the notice of appeal was not timely filed.

The superior court granted Pressler's motion to dismiss. This appeal followed.

## II.

■ Any party dissatisfied with the decision of the Labor Commissioner in an administrative proceeding to recover wages may seek review of that decision within 10 days after service of notice of the decision by filing an appeal to the court having jurisdiction over the amount in controversy.[4] (§ 98.2, subd. (a).) ■ ■ ■ ■ The sole question presented by this case is whether a court may consider an appeal which has been taken subsequent to the expiration of this 10-day period.[5]

---

[2]Section 98.2, subdivision (a) provides that "[w]ithin 10 days after service of notice of an order, decision or award the parties may seek review by filing an appeal to the justice, municipal, or superior court, in accordance with the appropriate rules of jurisdiction, where the same shall be heard de novo. . . ."

[3]Section 473 of the Code of Civil Procedure provides, in pertinent part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect. . . ."

[4]Depending on the amount in controversy, either the justice, municipal, or superior court may review a decision of the Labor Commissioner. (§ 98.2, subd. (a).)

[5]Although Bren rests its argument on section 473 of the Code of Civil Procedure, it is settled that a party's "own default in timely filing [a] notice of appeal [is] not a 'proceeding taken against' [the party] within the meaning of section 473. (Cf. *Union Collection Co.* v. *Oliver* (1912) 162 Cal. 755, 758 [124 P. 435].)" (*Mills* v. *Superior Court* (1969) 2 Cal.App.3d 214, 216, fn. 3 [82 Cal.Rptr. 469].) A court's authority to make an order allowing or dismissing an appeal is not derived from section 473 of the Code of Civil Procedure but is "inherent in the court's jurisdiction to determine its own jurisdiction. [Citation.]" (*Ibid.*)

It is undisputed that were this a conventional appeal, the answer to this question would be an emphatic "no." ■ Conventional appeals have long been governed by the "fundamental precept that the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction." (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 670 [125 Cal.Rptr. 757, 542 P.2d 1349].)

The reasons for this rule were succinctly stated by this court in *Estate of Hanley* (1943) 23 Cal.2d 120 [142 Cal.Rptr. 423, 149 A.L.R. 1250]. "In strictly adhering to the statutory time for filing a notice of appeal, the courts are not arbitrarily penalizing procedural missteps. Relief may be given for excusable delay in complying with many provisions in the statutes and rules on appeal . . . . These procedural time provisions, however, become effective *after* the appeal is taken. The first step, taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court." (*Id.,* at p. 123.) In addition, "of particular importance is the fact that the security of rights of contract, titles to property, and the status of persons rest upon certainty in the finality of judgments occasioned by the lapse of the statutory time for the taking of an appeal." (*Id.,* at pp. 123-124.)

Accordingly, in conventional appeals it has long been the rule that "[*i*]*n the absence of statutory authorization, neither the trial nor appellate courts may extend . . . the time for appeal* [citation], *even to relieve against mistake, inadvertence, accident, or misfortune* [citations]. Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. [Citations.] If it appears that [an] appeal was not taken within the [statutory time], the court has no discretion but [to] dismiss the appeal . . . ." (*Estate of Hanley, supra,* 23 Cal.2d at p. 123 [italics added]; accord *Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d at p. 674.)[6]

■ An appeal from a decision of the Labor Commissioner differs significantly from a conventional appeal. Section 98.2, subdivision (a) provides that on appeal, the case "shall be heard de novo." As this court has previously explained, "[a] hearing *de novo* literally means a new hearing," that is, a new trial. (*Collier & Wallis, Ltd.* v. *Astor* (1937) 9 Cal.2d 202, 205 [70 P.2d 171];

[6]Relying on *Slawinski* v. *Mocettini* (1965) 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 143], *Thompson, Curtis, Lawson & Parrish* v. *Thorne* (1971) 21 Cal.App.3d 797 [98 Cal.Rptr. 753], and *Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d 660, Bren asserts that the courts have recognized that the late filing of a notice of appeal may be excused "in certain circumstances." This contention is without substance.

In *Hollister,* this court examined and expressly disapproved certain dicta in *Slawinski* which suggested that compelling excuse or estoppel would operate to forgive untimeliness. (*Hollister, supra,* 15 Cal.3d at pp. 668, 674.) *Hollister* also characterized as erroneous the *Thompson* court's conclusion—based on the *Slawinski* dicta—that an estoppel exception to the jurisdictional rule existed. (*Id.,* at p. 673.)

accord *Buchwald* v. *Katz* (1972) 8 Cal.3d 493, 501-502 [105 Cal.Rptr. 368, 503 P.2d 1376].) By contrast, in a conventional appeal the appellate court is limited to a review of the proceedings below. It may not retry the case. (See generally, 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 209 et seq.)

This distinction, however, is not dispositive of the question before the court. The scope of the review required in a specific type of case bears no necessary relation to whether the time for taking an appeal is mandatory and jurisdictional. Historically, the courts have not hesitated to apply the rules governing conventional appeals to appeals in which a trial de novo is required. (E.g., *Cook* v. *Superior Court* (1969) 274 Cal.App.2d 675, 678 [79 Cal.Rptr. 285]; *Mills* v. *Superior Court, supra,* 2 Cal.App.3d 214, 217.) Indeed, the *Mills* court applied the rules governing conventional appeals and found that the time for taking an appeal from a small claims court judgment[7] was "likewise jurisdictional." (*Ibid.*)[8]

In this case, the statutory framework established by the Legislature for the administrative resolution of wage disputes clearly demonstrates the mandatory and jurisdictional nature of the requirement that a party notice his or her appeal within 10 days. The timely filing of the notice of appeal (1) forestalls the finality of the Labor Commissioner's decision; (2) terminates the jurisdiction of the Labor Commissioner; and (3) vests jurisdiction to conduct a trial de novo in the appropriate court.

Sections 98 and 98.1, subdivision (a) confer initial jurisdiction upon the Labor Commissioner to investigate, hear, and determine wage disputes.[9] Within 15 days after the hearing, the commissioner must file his decision and serve a copy thereof on the parties. (§ 98.1, subd. (a).) In addition, the parties must be advised "of their right to appeal the decision" and "failure to do so within the [10-day] period prescribed . . . *shall result in the decision or award becoming final. . . .*" (§ 98.1, subd. (a) [italics added]; see also § 98.2, subd. (c).)

---

[7]Section 117.10 of the Code of Civil Procedure (formerly § 117j) provides that a matter heard and determined by the small claims court is to be "tried anew" on appeal.

[8]*Mills* involved an appeal from a small claims court judgment which was untimely because the clerk of the small claims court twice misinformed the defendants as to the time within which they had to file their appeal. *Mills* allowed the appeal notwithstanding the untimely notice. However, as this court explained in *Hollister, supra,* 15 Cal.3d 660, 671-672, the decision "is properly based not on the 'extension' of a jurisdictional time limit but on special considerations applicable to the small claims court." (See *Mills, supra,* 2 Cal.App.3d at pp. 218-219.) The special considerations included "the peculiar position of the small claims court clerk in relationship to parties precluded from consulting attorneys." (*Thompson, Curtis, Lawson & Parrish* v. *Thorne, supra,* 21 Cal.App.3d at p. 802; see also *Hollister, supra,* 15 Cal.3d at p. 673.)

[9]The Labor Commissioner has the authority to choose *not* to exercise this jurisdiction. (See § 98, subd. (a).)

Only if a party files a notice of appeal within the time provided is jurisdiction vested in an appropriate court to proceed with a trial de novo. (§ 98.2, subd. (a); see also *Buchwald* v. *Katz, supra,* 8 Cal.3d at pp. 501-502.) If a notice of appeal is not timely filed, the Labor Commissioner's decision becomes final (§ 98.2, subd. (c))[10] and immediately enforceable when a certified copy of the decision is filed with the appropriate court (§ 98.2, subd. (d)).

The import of these provisions is clear. The time for filing a notice of appeal from a decision of the Labor Commissioner is mandatory and jurisdictional. A late filing may not be excused on the grounds of mistake, inadvertence or excusable neglect. This conclusion is in harmony with the Legislature's purpose in providing an administrative forum for the resolution of wage disputes.

The policy underlying this process is sound for it ensures the expedition of the collection of wages which are due but unpaid. (See *Sales Dimensions* v. *Superior Court* (1979) 90 Cal.App.3d 758 at pp. 761, 762 [153 Cal.Rptr. 690].) Public policy has long favored the "full and prompt payment of wages due an employee." (*Kerr's Catering Service* v. *Department of Industrial Relations* (1962) 57 Cal.2d 319, 326 [19 Cal.Rptr. 492, 369 P.2d 20].) "[W]ages are not ordinary debts . . . . [B]ecause of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay" promptly. (*In re Trombley* (1948) 31 Cal.2d 801, 809-810 [193 Cal.Rptr. 734].) Requiring strict adherence to the time requirement governing appeals from decisions of the Labor Commissioner can only help to assure the achievement of this overriding goal.

Finally, it is worthy of note that neither mistake, surprise, nor excusable neglect will excuse, for example, the late filing of a petition to review a determination of the Workers' Compensation Appeals Board (e.g., *Litzmann* v. *Workmen's Comp. App. Bd.* (1968) 266 Cal.App.2d 203, 204 [71 Cal.Rptr. 731]) or of the Agricultural Labor Relations Board (e.g., *Jackson & Perkins Co.* v. *Agricultural Labor Relations Bd.* (1978) 77 Cal.App.3d 830 [144 Cal.Rptr. 166]). Nor may a court extend the time for filing a petition for writ of mandate to review the decision of an administrative agency whose proceedings are governed by the Administrative Procedure Act based on mistake, inadvertence or other such excuse. (*Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791 [176 Cal.Rptr. 214].)

The requirement as to the time for taking an appeal from a decision of the Labor Commissioner was intended to be mandatory and jurisdictional. Accordingly, a court may not consider an appeal taken subsequent to the expira-

[10]The only exception is in the case of fraud. (§ 98.2, subd. (c).)

tion of the statutory period because of mistake, inadvertence or other similar excuse.

The order dismissing the appeal is affirmed.

Mosk, J., Richardson, J., Kaus, J., Reynoso, J., and Smith, J.,* concurred.

**BROUSSARD, J.,** Concurring and Dissenting.—I concur in the result, but I cannot agree with the majority opinion's holding that the time for filing a notice of appeal pursuant to Labor Code section 98.2 is not only mandatory but also jurisdictional. I do not think that the Legislature intended to preclude a reviewing court from conducting a hearing de novo after an informal administrative wage claim proceeding merely because the appealing party failed to file a notice of appeal within 10 days. Instead, I believe that the time period, although mandatory, is not jurisdictional, and that the reviewing court has discretion to excuse a delay in filing a notice of appeal on a showing of good cause.

This court has held that the time for filing conventional appeals is jurisdictional. (*Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 Cal.Rptr. 423, 149 A.L.R. 1250]; *Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 674 [125 Cal.Rptr. 757, 542 P.2d 1349].) In *Hollister,* however, we recognized an exception for the case of a belated filing of a notice of appeal from a judgment of the small claims court (*Hollister, supra,* 15 Cal.3d at pp. 671-672, approving *Mills* v. *Superior Court* (1969) 2 Cal.App.3d 214 [82 Cal.Rptr. 469]) on the basis of "special considerations applicable to small claims court. As the court [in *Mills*] points out, the rules 'governing appeals in small claims cases (rule 151 et seq.) contain no rule like rules 45(c) and 138(c), both of which *prohibit the reviewing court from extending the time for filing a notice of appeal.* Nor are small claims appeals the subject of any rule similar to rules 45(e) and 143(b), both of which provide that "[t]he reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, *except the failure to give timely notice of appeal.*" ' " (15 Cal.3d at pp. 671-672, italics added.)

The same special considerations apply to appeals pursuant to Labor Code section 98.2. As the majority opinion points out, these appeals differ significantly from conventional appeals. The majority, however, recognizes only one significant difference—section 98.2, like the small claims rules, provides for a hearing de novo instead of a review of the proceedings below. There are, however, other important differences.

These appeals are not taken from judicial decisions but from agency determinations rendered after informal hearings. Dismissal of the appeal for failure

---

*Assigned by the Chairperson of the Judicial Council.

to file timely notice thus deprives the parties of their opportunity to obtain a judicial determination on the merits of the case. In addition, the 10-day period for filing the notice of appeal, like the 20-day period in small claims cases, is significantly shorter than the 60 days permitted for conventional appeals. Finally, as in the case of appeals from the small claims court, the Legislature omitted from section 98.2 any express language either prohibiting extension of time for filing the notice of appeal or indicating that the time requirement is intended to be jurisdictional. Thus, the reasons which led us to conclude that a court may excuse the late filing of a small claims appeal apply with equal or greater force in the present setting.

The 10-day period for filing an appeal under Labor Code section 98.2 clearly is mandatory. Relief from default in timely filing the notice cannot be granted under Code of Civil Procedure section 473.[1] The reviewing court, however, may still excuse late filing in some circumstances. Courts possess inherent power to excuse noncompliance with mandatory, nonjurisdictional procedural rules when the interests of justice require, even if the procedures are required by statute. (*Van Gaalen* v. *Superior Court* (1978) 80 Cal.App.3d 371, 378-379 [145 Cal.Rptr. 509]; see *Pianka* v. *California* (1956) 46 Cal.2d 208, 212 [293 P.2d 458].) Expression of this inherent power is found in California Rules of Court, rules 45(e), 143(b) and 186(b), which allow reviewing courts, for good cause, to relieve a party from default occasioned by failure to comply with any rule of court except the rules establishing the time for giving notice of appeal.

Because the 10-day filing period required by Labor Code section 98.2 is not jurisdictional, reviewing courts should have discretion to allow late filing for good cause. This discretionary power would preserve the settled policy favoring trials and hearing of appeals on the merits instead of the dismissal of cases for technical noncompliance with procedural requirements. (See *Weitz* v. *Yankosky* (1966) 63 Cal.2d 849, 855 [48 Cal.Rptr. 620, 409 P.2d 700]; *Lundy* v. *Laken* (1949) 89 Cal.App.2d 849, 852 [202 P.2d 369].) In addition, it would protect a worker who, lacking assistance of counsel, may be caught short by the unusually brief 10-day deadline for filing an appeal. It does not serve the statutory purpose of protecting the worker's right to his wage to hold that, no matter how compelling his excuse for failing to file his appeal within the 10-day period, the reviewing court lacks jurisdiction to hear the matter.

I conclude that, on a sufficient showing, a court has the power to grant relief from noncompliance with the 10-day limit of section 98.2. I believe, however, that the showing in the present case was insufficient. Neglect of a party's attorney may constitute good cause for granting relief from default, but only if

---

[1]Section 473 allows a court to relieve a party "from a judgment, order, or other proceeding taken against him . . . ." As the majority notes, a party's default in timely filing a notice of appeal is not a proceeding taken against him. (Maj. opn. fn. 5, *ante*.)

the circumtances show that the neglect was "clearly excusable." (*Estate of Wolper* (1956) 146 Cal.App.2d 249, 251 [303 P.2d 578].) The circumstances in this case do not indicate clearly excusable neglect. Bren's attorney prepared the notice of appeal six days before the filing deadline and instructed his secretary to serve and file it. He apparently took no further steps to ensure that the notice had been filed, and gives no reason for his failure to do so. For that reason, I concur in affirming the order dismissing the appeal.