[No. D012158. Fourth Dist., Div. One. June 27, 1991.]

VICKIE J. CLAVELL, Plaintiff and Respondent, v.
NORTH COAST BUSINESS PARK et al., Defendants and Appellants.

**COUNSEL**

John T. Heaney and Bret R. Carter for Defendants and Appellants.

Lewis M. Koss for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.***—Defendants North Coast Business Park and Michael I. Crain (together North Coast) appeal a judgment confirming a Labor Commissioner's award in favor of plaintiff Vickie J. Clavell after the superior

---

*Retired Associate Justice of the Court of Appeal, Second District, sitting under assignment by the Chairperson of the Judicial Council.

court denied as untimely North Coast's request for a trial de novo. The sole issue on appeal is whether the 1988 amendment to Labor Code section 98.2 allows an additional five days to request a trial de novo after service by mail of an adverse award by the Labor Commissioner. We conclude it does and accordingly reverse the judgment.

PROCEDURAL BACKGROUND

Clavell filed a wage claim with the Labor Commissioner seeking to recover unpaid wages and commissions allegedly owed as a result of her former employment as North Coast's onsite property manager. Settlement negotiations were unsuccessful and a formal hearing was scheduled for November 22, 1989. When North Coast failed to appear at the hearing, a default was entered in favor of Clavell for $32,184.39.[1] On December 6, 1989, Clavell served North Coast by ordinary first class mail a copy of the Labor Commissioner's award and notice of payment due. The award contained the following notice:

"The parties herein are notified and advised that this Order, Decision or Award of the Labor Commissioner shall become final and enforceable as a judgment in a court of law unless either or both parties exercise their right to appeal to the [Vista superior court] within ten (10) days after service of this document. Service of this document can be accomplished either by first class mail or by personal delivery and is effective upon mailing or at the time of personal delivery. *If service on the parties is made by mail, the ten (10) day appeal period shall be extended by five (5) days . . . .*" (Italics added.)

North Coast filed a request for a trial de novo on December 19, 1989, 13 days after the notice of the Labor Commissioner's award was served by mail. The preprinted form used was entitled "Notice of Appeal." The trial court denied the request, finding it was untimely filed. Citing Labor Code section 98.2 and *Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831 [187 Cal.Rptr. 449, 654 P.2d 219], the court ruled it had no jurisdiction to consider appeals after expiration of the 10-day statutory period. After denying North Coast's motion for reconsideration, the court entered judgment for Clavell.

DISCUSSION

Prior to 1988, Labor Code section 98.2, subdivision (a) provided:

---

[1]Clavell does not argue that North Coast's default before the Labor Commissioner forfeited its right to judicial review.

"Within 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the justice, municipal, or superior court, in accordance with the appropriate rules of jurisdiction, where the same shall be heard de novo. A copy of the appeal request shall be served upon the Labor Commissioner by the Appellant." A 1988 amendment added the following sentence to Labor Code section 98.2: "For purposes of computing the 10-day period after service, Section 1013 of the Code of Civil Procedure shall be applicable." Code of Civil Procedure[2] section 1013, in turn, extends the time to do an act when service is by mail. Specifically, it provides:

"[A]ny prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after service of such documents served by mail shall be extended five days if the place of address is within the state of California, . . . [However,] *such extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a of this code or notice of appeal.*" (§ 1013, subd. (a); italics added.)

■ The trial court accepted Clavell's contention that the 1988 amendment to Labor Code section 98.2 incorporated the emphasized portion of subdivision (a) of section 1013 which excludes the time for filing notice of appeal from the general extension of time provided in the section. The court thus construed the 1988 amendment to section 98.2 of the Labor Code as a nullity, rather than as extending the preexisting 10-day limit where notice of the Commissioner's ruling is given by mail. Clavell contends on this appeal that this construction is mandated because, read together, the plain meaning of the two statutes is clear—so much so that a court may not consider clear indicia of legislative intent that the 1988 amendment to the Labor Code did not incorporate the notice of appeal limitation on the general scope of section 1013. Clavell's contention is fatally flawed in three respects.

First, there is a contextual ambiguity in the conjunction of the two code sections. "Notice of appeal" as the term is used in section 1013 is a term of art primarily referring to appeals from judicial and not administrative decisions. Absent an expression in either of the two code sections that the term as used in section 1013 encompasses the means of seeking judicial review of administrative determinations of the Labor Commissioner, there is a gap which can only be filled by judicial interpretation. Indeed, in *Pressler* v. *Donald L. Bren Co., supra,* 32 Cal.3d 831, on which Clavell relies, the majority opinion of the Supreme Court devotes more than three pages of

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

interpretation to conclude that the time limit for judicial review contained in Labor Code section 98.2 is jurisdictional as is the time limit on appeals from a judgment (*id.* at pp. 834-838) and a concurring opinion counters the majority's conclusion (*id.* at pp. 838-840). All this was wasted effort if the phrase "notice of appeal" has only a single meaning as Clavell claims.

■ Second, out of deference to the Legislature, courts properly assume that its product does not include results which are absurd (*Gage* v. *Jordan* (1944) 23 Cal.2d 794, 800 [147 P.2d 387]) or meaningless (*Louisiana-Pacific Corp.* v. *Humboldt Bay Mun. Water Dist.* (1982) 137 Cal.App.3d 152, 159 [186 Cal.Rptr. 833]). Thus, an amendment to a statute is construed as accomplishing something rather than as an idle act. (*Ibid.*)

■ Third, whatever criticism there may be of judicial recourse to legislative intent in construing statutes (see, e.g., Easterbrook, *Statutes' Domains* (1983) 50 U.Chi.L.Rev. 533), California is firmly committed to the practice. (E.g., *Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152 [137 Cal.Rptr. 154, 561 P.2d 244].) Moreover, the instant appeal does not involve a judicial search for some amorphous intent conceivably (or constructively) held by legislators enacting a bill (see Easterbrook, *Statutes' Domains, supra*); rather, this is a case where a meaning shared by members of the Legislature in considering the 1988 amendment is crystal clear. There was before each member of the Legislature voting on the 1988 amendment the Legislative Counsel's Digest. As to Assembly Bill No. 2532 this digest stated:

"(3) Existing law provides that within 10 days after service of notice of an order, decision, or award of the Labor Commissioner, the parties may seek review by filing an appeal in court.

"This bill would revise the method for determining when the 10-day period has run." (Legis. Counsel's Dig., Assem. Bill No. 2532, Stats. 1988, ch. 96.)

■ Revision of the time to file notice seeking judicial review of orders of the Labor Commissioner could occur only if the limitation on time for notice of appeal in section 1013 is construed as inapplicable to notices seeking judicial review pursuant to Labor Code section 98.2.[3]

We thus conclude that: (1) the 1988 amendment to Labor Code section 98.2 extended the time for filing notice seeking judicial review of relevant

---

[3]In view of the clear indicia of a shared meaning of the legislators enacting the measure, we need not turn to lesser indications of legislative intent presented by North Coast which lead to the same conclusion. These include the declarations of the author of the bill and its draftsman, and the interpretation given the 1988 amendment by the affected administrative agency.

decisions of the Labor Commissioner to 15 days where notice of the decision is served by mail in California; (2) North Coast's notice seeking judicial review was filed within the 15-day period; and (3) the trial court's judgment in favor of Clavell based on its order denying North Coast's request for trial de novo must be reversed.

## DISPOSITION

The judgment is reversed with directions to the trial court to conduct a trial de novo.

Todd, Acting P. J., and Huffman, J., concurred.