Filed 9/18/24  Mediterranean Shipping Co. v. Duron Trucking Services CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| MEDITERRANEAN SHIPPING COMPANY (USA), Inc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DURON TRUCKING SERVICES, Inc., <br><br> Defendant and Appellant. | B331941 <br><br> (Los Angeles County Super. Ct. No. 22PSCV00787) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter A. Hernandez, Judge.  Affirmed.

Anderson LeBlanc, and Jeff W. LeBlanc for Defendant and Appellant.

Steven A. Booska for Plaintiff and Respondent.

————————————

Duron Trucking Services, Inc. (DTS) appeals the trial court's denials of its two consecutive motions to set aside a default judgment taken by Mediterranean Shipping Company (USA) Inc. (MSA).  Because the trial court acted within its discretion, both in declining twice to vacate the default judgment and in ruling the second motion failed to comply with Code of Civil Procedure section 1008 requirements, we affirm.[1]

**FACTS AND PROCEDURAL SUMMARY**

On July 28, 2022, MSA filed a complaint against DTS to recover amounts owed.  On October 12, 2022, MSA personally served the complaint on DTS's registered agent for service of process.  On November 15, 2022, following DTS's failure to answer, MSA filed a request for entry of default judgment, which was likewise served on DTS's registered agent.  On November 15, 2022, the trial court entered DTS's default.  On December 9, 2022, the trial court entered default judgment in favor of MSA.

In January 2023, MSA, enforcing its judgment, levied a DTS bank account, after which DTS requested, and MSA declined, to stipulate to vacate the default judgment.  Subsequently, DTS filed two consecutive motions to set aside the default judgment, each of which the trial court denied.

## I.    DTS's First Set-aside Motion

On March 3, 2023, DTS filed a motion to set aside the default judgment under sections 473, subdivision (b), and 473.5.  DTS represented that it only learned of the action as a result of the bank levy, that it was "not served," and that relief was also proper in light of the "existence" of "mistake, inadvertence, or excusable neglect."  In support of its contentions, DTS submitted

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

a declaration of its owner-manager Olga Duron (Duron), stating: "Neither I, nor to the best of my knowledge was DTS'[s] agent for service of process ever served any Court paperwork in this matter. I only became aware that there may be an issue when I received a notice from the San Mate[o] county sheriff about a levy on our accounts which I received in late January 2023. . . . Upon receiving the San Mateo notice, I had no idea what it was about, but immediately contacted my attorney[.]"

On May 22, 2023, MSA filed its opposition, which pointed out that DTS had not provided any factual basis for its contentions of nonservice or excusable neglect, and that Duron's declaration did not, in fact, rebut service, as it only established that *she* was not served. A declaration from MSA's counsel, submitted in support of its opposition, set forth that MSA, prior to effectuating service, researched California Secretary of State records and thereafter instructed a registered process server to personally serve the summons and complaint on DTS's registered agent, and to subsequently effectuate service by first-class mail of MSA's request for entry of default. MSA's opposition included copies of its proof of personal service of the summons and complaint, proof of mailing of the request to enter default, and California Secretary of State records showing that MSA had correctly served DTS's registered agent for service of process.

On June 9, 2023, the trial court denied DTS's first set-aside motion, finding DTS had not made the requisite showing under either section 473, subdivision (b), or section 473.5, and that it had also failed to show nonservice.[2] With regard to DTS's claim

---

[2] Although the trial court's order makes reference to "substitute service," of the summons and complaint, the proof of

3

that it was "not served," the trial court further observed that a claim of nonservice is properly brought under subdivision (d) of section 473, which DTS failed to raise in its notice of motion, and that, in any event, DTS had not rebutted the declaration of service. The trial court also sustained MSA's hearsay objection to Duron's statement that "to the best of [her] knowledge" DTS's agent for service was not served.

## II.     DTS's Second Set-aside Motion

On June 9, 2023, DTS filed its second motion to set aside the default judgment. The second set-aside motion again sought relief under sections 473, subdivision (b), and 473.5, and again claimed that DTS was "not served." The second set-aside motion acknowledged that it was "substantively similar to one filed in March 2023," and that DTS's earlier motion was still under submission, and further stated, "[DTS] is filing this [m]otion with a significantly reinforced declaration to address the Court's concerns at the June 5, hearing and to preserve [its] rights."

The "reinforced" Duron declaration submitted in support of DTS's second set-aside motion once again included the statement, "Neither I, nor to the best of my knowledge was DTS'[s] agent for service of process ever served" and further stated, "I only became aware that there may be an issue when I received a notice from the San Mate[o] county sheriff about a levy on our accounts. . . . In particular, I did not receive a copy of the Summons and Complaint or any Notice of Entry of Default or Default."

On the critical issue of service made on DTS's registered agent for service of process, the revised Duron declaration stated: "On June 9, 2023, I telephoned the agent for service of process

service indicates service submitted of the summons and complaint was effectuated by personal service.

4

that I have listed on the secretary of state website to inquire as to why I never received any notice of the lawsuit. After talking to Colleen Cain (of Cain and Associates), she sent m[e] a screen shot of sending out the Summons and Complaint, but it was sent to an incorrect phone number. That appears to be why I never received notice."

MSA's opposition argued DTS's second set-aide motion was "identical, typos and all" to the first one and was an improper repetitive motion under section 1008, both because it was untimely under subdivision (a) of that section, and because it failed to show new or different facts as required by subdivision (b). MSA again made objections to the Duron declaration, pointed out that the newer motion again lacked the evidentiary support required for relief, and further argued that DTS's failure to comply with section 1008's requirements warranted sanctions.

On July 24, 2023, the trial court denied DTS's second set-aside motion, finding that DTS had once again failed to make a proper showing under either section 473, subdivision (b), or section 473.5. With respect to the renewed assertion of nonservice, the trial court ruled that, as was the case with DTS's first motion, such a motion would fall under subdivision (d) of section 473, which DTS again did not raise in its notice of motion and, in any event, DTS failed to rebut the presumption of service. The trial court further ruled that DTS's requests for relief under sections 473, subdivisions (b) and 473.5, as well as its request for relief on grounds of "nonservice" to the extent the claim of nonservice was brought under 473, subdivision (d), were all summarily denied for failure to comply with section 1008. The trial court made no ruling on MSA's evidentiary objections,

finding them unnecessary to the court's determination, and made no ruling on MSA's sanctions request.

## DISCUSSION

DTS contends the trial court abused its discretion by denying DTS's two motions to set aside default judgment in favor of MSA. We find the trial court committed no error in ruling DTS failed, in both its first and second set-aside motions, to carry its burden under sections 473, subdivision (b), and 473.5, and additionally failed to comply with section 1008 in its second motion. The trial court likewise committed no error in declining to invoke its inherent powers under section 128, subdivision (a)(8) to set aside judgment. Accordingly, we affirm.

## I.     Standard of Review

A motion to vacate default judgment under section 473, subdivision (b), which permits relief from a default taken through a party's "mistake, inadvertence, surprise, or excusable neglect" is " ' " 'addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse . . . will not be disturbed on appeal.' " ' " (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929 (*Austin*).) Trial court rulings on motions to vacate default judgment pursuant to section 473.5, on grounds that service of summons has not resulted in actual notice to the defaulting party, are likewise reviewed for abuse of discretion (*Sakaguchi v. Sakaguchi* (2009) 173 Cal.App.4th 852, 861), as are trial court rulings on motions for reconsideration pursuant to section 1008 (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212 (*New York Times Co.*)). A motion addressed to the trial court's inherent power under

6

section 128, subdivision (a)(8), is similarly reviewed for abuse of discretion.  (*In re Joshua G.,* (2005) 129 Cal.App.4th 189, 199.)

Although the test for abuse of discretion is " 'whether the trial court exceeded the bounds of reason[,]' " a trial court order denying relief under section 473 is " ' "scrutinized more carefully than an order permitting trial on the merits." ' " (*Austin, supra,* 244 Cal.App.4th at pp. 929, 931.)

## II.    The Trial Court Acted Well Within Its Discretion

The trial court acted well within its discretion in ruling DTS failed, in both its first and second set-aside motions, to carry its burden under sections 473, subdivision (b), and 473.5, and additionally failed to comply with section 1008 in its second motion.  The trial court likewise committed no error in declining to invoke its inherent powers under section 128, subdivision (a)(8) to set aside judgment.  Accordingly, we affirm.

### A.  *The Statutes Governing DTS's Motions for Relief*

1.  *Section 473, Subdivision (b)*

Section 473, subdivision (b) authorizes the trial court to relieve a party from an adverse judgment taken through "mistake, inadvertence, surprise, or excusable neglect."  Although the statute is to be "liberally construed" in favor of adjudication on the merits, the burden is on the moving party to show a satisfactory excuse and appropriate diligence.  (*Luz v. Lopes* (1960) 55 Cal.2d 54, 62.)  The words mistake, inadvertence, surprise, or excusable neglect " 'are not meaningless, and the party requesting such relief must *affirmatively show* that the situation is one which clearly falls within such category.' " (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 623-625; *Estate of Wolper* (1956) 146 Cal.App.2d 249, 251.)  A movant's burden under section 473, subdivision (b) is a double one, requiring the

7

party to show a satisfactory reason for the default and diligence in seeking relief.  (*Hopkins &Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410; *Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420.)

2. *Section 473.5*

Section 473.5 empowers the trial court to grant relief from judgment in instances where service of the summons has not resulted in actual notice to a party in time to defend the action and is "chiefly designed to take care of the situation where a proper constructive service was made, e.g., by publication or mailing."  (8 Witkin, Cal. Procedure (6th ed. 2024) Attack on Judgment in Trial Court, § 217.)  A corporation receives "actual notice" when service is completed on its agent for service of process "because the corporation has expressly held that person out to the world as authorized to receive notice of actions."  (*Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 274 (*Pulte*); see also *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1301 [corporate entity seeking relief from judgment had actual notice of suit both by service on its registered agent and by receipt of documents in corporation's in-house department]; § 416.10 [service of a corporation is effectuated by service upon its registered agent].)

3. *Section 1008*

Section 1008 authorizes a party to seek reconsideration of an adverse ruling based upon a showing of "new or different facts, circumstances, or law."  A party seeking reconsideration " 'must provide a satisfactory explanation for the failure to produce the evidence at an earlier time.' "  (*New York Times Co., supra,* 135 Cal.App.4th at p. 212; accord *Torres v. Design Group Facility Solutions, Inc.* (2020) 45 Cal.App.5th 239, 243.)

8

" ' "[T]he moving party's burden is the same as that of a party seeking new trial on the ground of 'newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." ' " (*Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1198, italics omitted.) An order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order. (§ 1008, subd. (g).)

Section 128, subdivision (a)(8) sets forth the trial court's inherent power to "control its process and orders so as to make them conform to law and justice."

## B. *The Trial Court's Denial of DTS's First Motion*

In its denial of DTS's first set-aside motion, the trial court, observing the absence of specific facts in both the motion and the Duron declaration, found DTS "failed to articulate any 'mistake, inadvertence, surprise, or excusable neglect' entitling it to discretionary relief from default" under section 473 subdivision (b). With respect to section 473.5, the trial court found that DTS failed to provide credible evidence that it did not learn of the action in time to defend itself and, moreover, "tellingly, fail[ed] to rebut" the contents of the proof of service. The trial court also rejected DTS's claim that it was "not served," noting preliminarily that such an argument would fall under section 473, subdivision (d), which was not raised in the notice of motion, and that, in any event, the proof of service established that service was, in fact, effectuated on DTS's registered agent.

9

The trial court acted well within its discretion. In addition to the trial court's finding that the conclusory Duron declaration failed to supply information or evidence supporting DTS's claims of excusable neglect or nonservice, we further note that Evidence Code section 647 establishes a presumption as to the facts stated in the returns of service, and that DTS received "actual notice" by virtue of personal service completed on its registered agent. (*Pulte, supra*, 2 Cal.App.5th at p. 274.) We also note that DTS's contentions are internally inconsistent. DTS's categorical assertion that it was "not served" is at odds with its representation that relief is proper because "mistake, inadvertence, or excusable neglect exist." Nor did the trial court err in declining to invoke section 128, subdivision (a)(8) to vacate default. In support of its urging that the court apply its inherent powers under section 128, subdivision (a)(8), DTS argued, "It would be an injustice and failure of the legal system[] to punish the young college student unfamiliar with the intricacies of the law." The statement was both unsupported by evidence and inconsistent with the record. The default judgment taken by MSA was against *a corporation*, and there was no evidence before the trial court that a "young college student" would be "punished" as a result.

Critically, DTS, a corporation, did not provide a declaration from its registered agent whose acceptance of service of the summons and complaint resulted in actual notice to the entity under *Pulte*, and the Duron declaration supplied no information as to what happened to the summons and complaint after it was properly and legally served. The trial court had no factual basis upon which to find mistake, inadvertence, or excusable neglect

and committed no error in declining to vacate the default judgment.

### C. *The Trial Court's Denial of DTS's Second Motion*

The trial court's denial of DTS's second set-aside motion was likewise a proper exercise of its discretion. After observing that both the first and second motion sought relief under sections 473, subdivision (b), and 473.5, the trial court summarily denied relief pursuant to those statutes under section 1008, subdivision (b). Additionally, the trial court, referring back to its earlier analysis and ruling on DTS's first motion, once again found DTS failed to carry its burden of providing evidence under sections 473, subdivision (b) and 473.5 and further found the request for relief under section 473, subdivision (b) untimely as the June 9, 2023 filing date was in excess of six months from the November 15, 2022 entry of default. With regard to DTS's renewed contention that it was "not served," the trial court observed that, as was the case with DTS's first motion, DTS had not sought relief for nonservice in its notice of motion and that, in any event, DTS had once again failed to rebut that service was effectuated on its registered agent. The trial court further ruled that, to the extent DTS's request for relief for nonservice was based on section 473, subdivision (d), that request was also summarily denied for failure to comply with section 1008.

We find no error in the trial court's ruling on DTS's second motion. In addition to failing to supply "new or different facts" and a "satisfactory explanation for the failure to produce the evidence at an earlier time" (*New York Times Co.*, *supra*, 135 Cal.App.4th at p. 212), we observe that the revised Duron declaration indicates DTS's owner-manager contacted its agent for service on June 9, 2023, four days after the initial hearing on

11

DTS's first motion and more than three months after DTS filed its first motion to set aside default. The timing of that inquiry demonstrates the absence of diligence required for a meritorious set-aside motion under sections 473, subdivision (b) or 473.5, nor did DTS provide any "satisfactory explanation" (*New York Times, Co., supra*, at p. 212) for its failure to provide the newly submitted information earlier. Moreover, even taken at face value, the revised declaration's indication that DTS first contacted its registered agent on June 9, 2023, indicates the earlier declaration's statement, "Neither I, nor to the best of my knowledge was DTS's agent for service of process ever served" was disingenuous in that Duron had not made any inquiry of DTS's agent and only contacted the agent much later, after MSA, in its opposition to DTS's first motion, highlighted the deficiencies in the earlier declaration. We also note that the second motion failed to provide a declaration from DTS's agent and therefore lacked competent evidence of what, exactly, happened to the summons and complaint after DTS was properly and legally served. The trial court acted well within its discretion in determining that DTS had failed to comply with section 1008, subdivision (b) and had also failed, for the second time, to rebut the proof of service or to set forth facts showing its inaction was sufficiently excusable to warrant relief.

**DISPOSITION**

The judgment is affirmed.  Respondent MSA is awarded its costs on appeal.

DAVIS, J.*

WE CONCUR:

MOOR, Acting P. J.

KIM, J.

---

\*      Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.