Filed 1/15/14 ( unmodified opinion attached)

# CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| IGOR PALAGIN,<br><br>      **Plaintiff and Appellant,**<br><br>      **v.**<br><br>**PANIAGUA CONSTRUCTION, INC., et al.,**<br><br>      **Defendants and Respondents.** | A137754<br><br>**(San Francisco City and County Super. Ct. No. CGC-12-522131)**<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING**<br><br>**[NO CHANGE IN JUDGMENT]** |

**BY THE COURT**:

IT IS ORDERED that the opinion filed on December 16, 2013, is modified as follows:

1. On page 10, delete footnote 6 and replace it with the following footnote 6:

> **6** These other bases for the court's conclusion are not germane, at least now that the Legislature has amended section 98.2(b). For example, as the Legislature has since observed, *Progressive Concrete* misperceived the legislative purpose; and Code of Civil Procedure section 995.240 sheds no light on whether the Legislature intended the undertaking requirement to be jurisdictional, since that statute would have no effect to the extent it is inconsistent with a specific statute like section 98.2. (Code Civ. Proc., § 995.020, subd. (a).) By this observation, however, we do not decide the extent to which Code of Civil Procedure sections 995.020 or 995.240 may or may not apply to section 98.2, or rely on the interplay of these statutes in deciding this appeal; respondents did not seek relief under Code of Civil Procedure section 995.240 in the trial court, and the parties did not present meaningful argument on the issue in their appellate briefs.

1

The modification effects no change in the judgment.

The petition for rehearing is denied.


Dated:_____          _____, P. J.

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| IGOR PALAGIN,<br><br>    Plaintiff and Appellant,<br><br>       v.<br><br>PANIAGUA CONSTRUCTION, INC., et al.,<br><br>    Defendants and Respondents. | **A137754**<br><br>**(San Francisco City and County Super. Ct. No. CGC-12-522131**) |

Igor Palagin (Palagin) appeals from a judgment, entered against him after a trial de novo in the superior court, concerning a wage claim he initially brought before the Labor Commissioner.  (Labor Code, § 98 et seq.)**1**  Palagin contends: (1) the court should have dismissed the proceedings, because respondents did not post an undertaking by the statutory deadline (§ 98.2(b)); (2) the court erred in allowing respondents to withdraw the undertaking after entry of judgment; and (3) the court erred in ruling that Palagin was not respondents' employee (§ 2750.5).

We conclude that the statutory deadline for an employer to post an undertaking, which the Legislature has identified as "a condition to" the filing of the notice that commences the court's jurisdiction, is a jurisdictional deadline that cannot be extended

---

**1**   Except where otherwise indicated, all statutory references are to the Labor Code.

All references to section 98.2, subdivision (a), (b), (c) or (d) will be styled as section 98(a), (b), (c) or (d).

1

by the trial court.  (§ 98.2(b).)  We therefore agree with Palagin that his motion to dismiss the proceeding should have been granted, and we reverse the judgment.

## I. FACTS AND PROCEDURAL HISTORY

Palagin is a welder who was allegedly not paid for work he performed for respondents Paniagua Construction, Inc., and Alfred Martinez, an individual doing business as Martinez & Sons Contractors (Martinez).  Pursuant to section 98, he filed a wage claim with the Labor Commissioner (Commissioner).  On June 20, 2012, the Commissioner issued an "Order, Decision or Award" in favor of Palagin in the amount of $34,259.32.  The order was served by mail the following day.

Respondents filed a notice of appeal in the San Francisco Superior Court on July 6, 2012.  (§ 98.2(a).)  The notice of appeal is the statutory prerequisite for obtaining a trial de novo in superior court; although an "appeal" and "trial de novo" are distinct concepts, in this context the terms are often used interchangeably, and for brevity we will usually use the word "appeal."  (§ 98.2(a).)

### A.  Palagin's Motion to Dismiss

On July 12, 2012, Palagin filed a motion to dismiss respondents' appeal, on the ground that respondents failed to timely post an undertaking required by section 98.2(b).  Section 98.2(b) provides in part: "As a condition to filing an appeal pursuant to this section, an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award."

Respondents opposed the motion, contending that a failure to post the undertaking did not require a dismissal in light of *Progressive Concrete, Inc. v. Parker* (2006) 136 Cal.App.4th 540, 552-553 (*Progressive Concrete*), which had held that the undertaking requirement in an earlier version of section 98.2(b) was not mandatory and jurisdictional.  In essence, the parties debated the extent to which *Progressive Concrete* applied to the operative language of section 98.2(b), in light of the fact that the Legislature had amended the language after that decision.

By written order filed on August 7, 2012, the court granted Palagin's motion in part.  The court stated: "Under the clear language of . . . § 98.2(b), as amended in 2010,

2

Defendants must post a bond before filing an appeal." Nonetheless, the court extended the deadline for posting the bond: "Defendants are given ten [*sic*] days to post a bond in the amount of $34,359.32. If the bond is not posted by 4:00 p.m. on [September 6, 2012], Plaintiff may appear ex parte and have this action dismissed."**2**

Respondents did not comply with the court's August 7, 2012 order. Instead, respondent Martinez posted a cash deposit with the court, in lieu of a bond, on September 10 — a few days after the court's deadline. By ex parte application of that same date, Martinez represented to the court: "Over the past thirty days Martinez and Paniagua have complied with all underwriting requirements and have received the appeal bond approval. Exhibit B is a copy of a letter from the appeal bond company confirming this approval. There are wet signatures and seals that will take a few more days to secure so in the alternative Martinez and Paniagua shall provide a cashiers' check to the court as provided in the alternative in the court order. [¶] Collateral became available on Saturday, September 8, 2012 and therefore a cashiers' check is now provided as an alternative undertaking."

A handwritten ex parte order, filed on September 10, 2012, reads: "For good cause shown, the bond posted by appellant on September 10, 2012, is accepted notwithstanding Judge Goldsmith's August 7, 2012, Order requiring the bond to be posted by September 6, 2012. Respondent's ex parte application to dismiss due to the late posting is denied." Thus, respondents were given a total of 34 days after the court's initial order — 66 days after the notice of appeal was filed — to post the undertaking.

B. <u>Trial De Novo and Judgment</u>

A de novo bench trial was held in December 2012. Later that month, the court issued a written judgment against Palagin on his wage claim. After recounting evidence in support of its ruling, the court concluded: "It is clear that Mr. Palagin performed work

---

**2**   The original text of the proposed order required the bond to be posted on August 17, 2012, which would have been 10 days from the court's August 7 order. But the order, as signed, interlineated "August 17" and bore the handwritten date of "September 6." Therefore, the August 7 order gave respondents not 10 days after the date of the order, but 30.

for which he was not paid.  However, the court finds by a preponderance of the evidence that Igor Palagin was not an employee of either Paniagua Construction, Inc. or Alfred Martinez.  Mr. Palagin was a subcontractor." Judgment was entered for Martinez and Paniagua Construction, Inc.

C.  Postjudgment Matters

Palagin filed a motion to vacate the judgment, contending that Palagin was indeed an employee of respondents under section 2750.5.  The court denied the motion.

Meanwhile, Martinez applied to the court for an order releasing his undertaking. An order releasing the undertaking was issued on January 28, 2013, followed by additional or duplicate orders on February 13 and March 18.

Palagin filed a notice of appeal on January 30, 2013.  He also filed amended notices of appeal on February 25 and March 27, due to the subsequent orders releasing Martinez's undertaking.  Palagin purported to appeal from the December 2012 judgment, as well as the August 2012 order declining to dismiss the appeal, the orders permitting the release of the undertaking, and the order denying Palagin's motion to vacate the judgment.

II.  DISCUSSION

As mentioned, Palagin raises a number of issues in this appeal.  We need only address one of them, however, to resolve the matter: whether the superior court should have dismissed the proceeding because respondents had not posted an undertaking by the deadline for filing the notice of appeal (§ 98.2(b)).

In essence, the question is this: is the requirement in section 98.2(b) to post an undertaking "[a]s a condition to filing an appeal" a jurisdictional requirement, such that the trial court cannot extend the time for the posting beyond the deadline required for the filing of the notice of appeal?  To answer that question, we begin with an overview of the relevant statutory scheme.

A.  Statutory Scheme

If an employer fails to pay wages as required by statute or contract, an employee may file a civil action in court or — as relevant here — seek administrative relief by

4

filing a wage claim with the Commissioner pursuant to a statutory scheme set forth in section 98 et seq. (*Sonic-Calabasas A, Inc. v. Moreno* (2011) 51 Cal.4th 659, 671-672 (*Sonic*), judgment vacated and case remanded on another ground (2011) 565 U.S. ___ [132 S.Ct. 496]; *Murphy v. Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1114-1115 (*Murphy*).) Within 90 days, the Commissioner may proceed with the employee's wage claim by way of an administrative "Berman hearing," conducted by a deputy commissioner. (*Sonic,* at p. 672.) A Berman hearing is designed to provide a speedy, informal, and affordable method of resolving wage claims, avoiding recourse to costly and time-consuming judicial proceedings. (*Sonic,* at p. 672; *Murphy,* at pp. 1114-1115.)

Within 15 days after the Berman hearing, the Commissioner files and serves the order, decision or award (order). (§ 98.1, subd. (a).) The notice of the order advises the parties that they have a right to appeal and that their failure to appeal in a timely manner will result in the order becoming final and enforceable as a judgment by the court. (*Ibid.*)

Within 10 days after service of notice of the order, the parties may file a notice of appeal in the superior court, "where the appeal shall be heard de novo." (§ 98.2(a).)[3] If no notice of appeal is timely filed, the order is deemed the final order (in the absence of fraud). (§ 98.2(d).)

If an employer files a notice of appeal, the employer must post an undertaking in the amount of the Commissioner's order. In pertinent part section 98.2(b) reads: "As a condition to filing an appeal pursuant to this section, an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award."[4] The

---

[3] Code of Civil Procedure section 1013 applies to the computation of the 10-day period. (§ 98.2(b).) The deadline is therefore 15 days after service when service is by mail. For brevity, we refer to the period as 10 days.

[4] Section 98.2(b) provides: "*As a condition to filing an appeal pursuant to this section, an employer shall first post an undertaking with the reviewing court in the amount of the order, decision, or award.* The undertaking shall consist of an appeal bond issued by a licensed surety or a cash deposit with the court in the amount of the order, decision, or award. The employer shall provide written notification to the other parties and the Labor Commissioner of the posting of the undertaking. The undertaking shall be on the condition that, if any judgment is entered in favor of the employee, the employer shall pay the amount owed

5

immediate purpose of this undertaking is to provide assurance that a judgment in favor of the employee will be satisfied.  (See § 98.2(b).)  The broader purpose of this provision, as articulated by our Supreme Court, is to "discourage employers from filing frivolous appeals and from hiding assets in order to avoid enforcement of the judgment."  (*Sonic, supra*, 51 Cal.4th at p. 673.)

In addition, section 98.2 contains a fee-shifting provision.  If the party that filed the appeal is unsuccessful, the court assesses against that party the costs and reasonable attorney's fees incurred by the other parties.  (§ 98.2(c).)

Our Supreme Court has summed up the public policy behind the statutory scheme as follows: "Given the dependency of the average worker on prompt payment of wages, the Legislature has devised the Berman hearing *and posthearing process* as a means of affording an employee with a meritorious wage claim certain advantages, chiefly designed to reduce the costs and risks of pursuing a wage claim, recognizing that such costs and risks could prevent a theoretical right from becoming a reality.  These procedures, *including the employer undertaking* and the one-way fee provision, also deter employers from unjustifiably prolonging wage disputes by filing an unmeritorious appeal.  This statutory regime therefore furthers the important and long-recognized public purpose of ensuring that workers are paid wages owed."  (*Sonic, supra,* 51 Cal.4th at p. 679, italics added.)

B.  Rules of Statutory Construction

To determine whether a statute sets forth a requirement that is mandatory and jurisdictional, as opposed to merely directory, we must ascertain the legislative intent.

---

pursuant to the judgment, and if the appeal is withdrawn or dismissed without entry of judgment, the employer shall pay the amount owed pursuant to the order, decision, or award of the Labor Commissioner unless the parties have executed a settlement agreement for payment of some other amount, in which case the employer shall pay the amount that the employer is obligated to pay under the terms of the settlement agreement.  *If the employer fails to pay the amount owed within 10 days of entry of the judgment, dismissal, or withdrawal of the appeal, or the execution of a settlement agreement, a portion of the undertaking equal to the amount owed, or the entire undertaking if the amount owed exceeds the undertaking, is forfeited to the employee*."  (Italics added.)

(*Morris v. County of Marin* (1977) 18 Cal.3d 901, 910 (*Morris*).)  As with any interpretation of a statute, we begin with the statutory language, according each word a commonsense meaning in light of both the language used and the evident purpose of the statute.  (*Hughes v. Board of Architectural Examiners* (1998) 17 Cal.4th 763, 775 (*Hughes*); *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, 1196-1197 (*Wallace*).)  If the statutory language is unambiguous, there is no need for judicial construction. (*Hughes*, at p. 775; *Wallace*, at p. 1197.)  If the language is susceptible to more than one reasonable meaning, we turn to standard rules of statutory construction and consider other indicia of legislative intent, including the statutory scheme and purpose, legislative history, and public policy.  (*Wallace*, at p. 1197; see *Morris*, at p. 910 [to determine whether a statutory provision is mandatory or directory, the court ascertains the legislative intent, and in the absence of express language, the intent must be gleaned from the terms of the statute construed as a whole, the type of act to be done, and the consequences of doing or not doing it].)

    C.  <u>Language of the Provision Within Its Statutory Context</u>

As mentioned, section 98.2(b) reads in pertinent part: "*As a condition* to filing an appeal pursuant to this section, an employer *shall first* post an undertaking with the reviewing court in the amount of the order, decision, or award."  (Italics added.)

The plain meaning of this language is clear: "an employer *shall first* post an undertaking" "[a]*s a condition* to filing an appeal."  (§ 98.2(b), italics added.)  Since the filing of an appeal must occur within 10 days after service of the Commissioner's order, and the posting of the undertaking must occur "first" and as a "condition" of this filing, the undertaking must also be posted within 10 days after service of the Commissioner's order. More particularly, since the posting of the undertaking is "a *condition* to filing an appeal," the posting must occur before the notice of appeal can be filed.  In short, the employer must post the undertaking before it files its notice of appeal, and no later than 10 days after service of the Commissioner's order.

Although section 98(b) does not expressly state that this requirement is "jurisdictional," the absence of that word is not dispositive.  (See, e.g., *Pressler v. Donald L.*

7

*Bren Co.*(1982) 32 Cal.3d 831, 837-838 (*Pressler*) [deadline for filing notice of appeal under § 98.2(a) is jurisdictional].)  Indeed, when viewed in the context of the statutory scheme, the language that *is* contained in the subdivision compels the conclusion that the requirement *is* jurisdictional, and a court therefore cannot extend the deadline for compliance.

Section 98.2(a) provides a 10-day deadline for filing the notice of appeal.  *This* deadline is itself a jurisdictional requirement, because the filing of the notice of appeal vests jurisdiction in the superior court to conduct the trial de novo.  (See *Pressler, supra*, 32 Cal.3d at p. 836.)  And yet, an employer cannot file a notice of appeal under section 98.2 — and thus the trial court cannot obtain jurisdiction — unless the "condition" of posting the undertaking has been satisfied "first."  In other words, the Legislature has explicitly tied the "condition" of posting an undertaking to the process by which the court *obtains jurisdiction*, thus making the posting requirement — quite obviously — "jurisdictional."  (See *Progressive Concrete, supra*, 136 Cal.App.4th at p. 547 [requirement to post a bond as a "condition precedent" of filing an appeal from Commissioner's wage order under § 2673.1 is "mandatory and jurisdictional"].)

To put it slightly differently, a trial court could not obtain jurisdiction to extend the deadline for posting the undertaking until the notice of appeal is filed; but since the statutory language plainly states that the appeal cannot be filed without the undertaking, the plain meaning is that the court never acquires jurisdiction to extend the deadline.

When viewed in its statutory context, therefore, the plain meaning of the language in section 98.2(b) leads to the conclusion that the requirement of posting an undertaking by the deadline for a notice of appeal is jurisdictional.  And when we consider the Legislature's *source* of this language — as we do next — this conclusion becomes inescapable.

D. Derivation of the Statutory Language

To appreciate the legislative intent behind the current language in section 98.2(b), we first summarize *Progressive Concrete* — the appellate decision concerning an earlier version of the statute — and then we consider the Legislature's response.

1. The *Progressive Concrete* Case

In *Progressive Concrete, supra,* 136 Cal.App.4th 540, the court considered whether an employer's failure to post an undertaking pursuant to section 98.2(b) — as the provision read at the time — deprived the trial court of jurisdiction to consider the employer's appeal of the Commissioner's order. (*Progressive Concrete*, at p. 543.) As relevant to *Progressive Concrete*, section 98.2(b) then read: " 'Whenever an employer files an appeal pursuant to this section, the employer shall post an undertaking with the reviewing court in the amount of the order, decision, or award.' " (*Progressive Concrete*, at pp. 545-546, italics omitted.) The subdivision did not state when an undertaking would have to be posted, or link the undertaking to the filing of the appeal.

The court in *Progressive Concrete*, finding this language unclear as to whether the undertaking requirement was jurisdictional or directory, concluded that it was merely directory because: section 98.2 did not specify the consequences of failing to file an undertaking;[5] the statutory purpose of ensuring enforcement of a judgment would be furthered if the undertaking requirement was merely directory, because "a promptly issued trial court order requiring the appealing employer to post the undertaking by a certain date would have substantially the same effect"; an employee might be able to enforce the order if the employer does not post the undertaking; and Code of Civil

---

[5]   The *Progressive Concrete* court compared the absence of such language in section 98.2(b) with the presence of the language in section 98.2(d), which provides that the Commissioner's order shall be deemed final if no notice of appeal is timely filed. (*Progressive Concrete, supra*, 136 Cal.App.4th at p. 547.) The court suggested that the presence of this language was what rendered the requirement for a timely filed notice of appeal mandatory and jurisdictional. (*Ibid*.) Actually, the timely filing of the notice of appeal is mandatory and jurisdictional not for this reason, but because the filing is the means by which the trial court establishes jurisdiction. (*Pressler*, *supra*, 32 Cal.3d at p. 836.) As discussed *post*, whether a penalty has been expressly prescribed for the failure to meet a deadline typically becomes important when the court *already* has jurisdiction, and the question is whether the untimeliness of the act causes jurisdiction to be *lost*.

9

Procedure section 995.240 provided an "indigency exception" to the undertaking requirement.  (*Progressive Concrete, supra*, 136 Cal.App.4th at pp. 547-548, 551-552.)**6**

More importantly for our purposes, the court in *Progressive Concrete* identified language that *would* have rendered the requirement jurisdictional.  Specifically, the court pointed to language in section 2673.1 (pertaining to wage claims by workers in the garment industry), which sets forth an undertaking requirement as follows: " 'Any party shall have the right to judicial review of the order, decision, or award of the Labor Commissioner . . . . *As a condition precedent to filing an appeal*, the contractor or the guarantor, whichever appeals, shall post a bond with the Commissioner . . . .' " (*Progressive Concrete, supra*, 136 Cal.App.4th at p. 547, italics added.)  The court in *Progressive Concrete* stated: "By expressly providing the posting of an appeal bond under section 2673.1, subdivision (g) is a *condition precedent* to a contractor's or guarantor's appeal under section 98.2, *the Legislature has expressly provided the posting of that required appeal bond is mandatory and jurisdictional.*"  (*Ibid.*, italics added.)

2.  Amendment to Section 98.2(b)

In 2010, the Legislature amended section 98.2(b), effective 2011.  (Stats. 2010, ch. 102, § 1.)  After *Progressive Concrete* had stated the Legislature in section 2673.1 "expressly provided posting of that required appeal bond is mandatory and jurisdictional" by using language that makes the posting of the undertaking a "condition precedent" to an appeal (136 Cal.App.4th at p. 547), the Legislature changed section 98.2(b) so that it now reads: "*As a condition to filing an appeal* pursuant to this section, an employer shall *first* post an undertaking with the reviewing court in the  amount of the order, decision, or award" (§ 98.2(b), italics added).  Just as section 2673.1 and *Progressive Concrete* referred

---

**6**   These other bases for the court's conclusion are not germane, at least now that the Legislature has amended section 98.2(b).  For example, as the Legislature has since observed, *Progressive Concrete* misperceived the legislative purpose; and Code of Civil Procedure section 995.240 sheds no light on whether the Legislature intended the undertaking requirement to be jurisdictional, since that statute would have no effect to the extent it is inconsistent with a specific statute like section 98.2.  (Code Civ. Proc., § 995.020, subd. (a).)

10

to a "condition precedent," the Legislature used the equivalent words "condition" and "first." The clear implication is that the Legislature intended, by using language nearly identical to that embraced by *Progressive Concrete*, to make the undertaking requirement "mandatory and jurisdictional." (*Progressive Concrete*, at p. 547.)

For further insight into the Legislature's selection of the language now in the statute, we turn to the legislative history.

E. Legislative History

According to a senate committee analysis, Assembly Bill No. 2772 — which would amend section 98.2(b) as it now reads — was needed because: "[The] Committee has heard of a case in which the Labor Commissioner awarded a client over $80,000.00 in unpaid wages and penalties for years of work at rates below the minimum wage in September 2007. The defendant employer immediately appealed the administrative decision to the Superior Court, but failed to post the required bond. In order to seek dismissal of the appeal under the process currently required (by Progressive Concrete decision — see below), a motion was filed for an order directing the defendant employer to post the required bond. The court granted the motion and set a date by which the employer was required to post the bond. [¶] According to the legal services organization representing this case, the employer failed to post the bond, but repeatedly appeared in court to request more time. Ultimately, the court set three successive deadlines, requiring three further court hearings, for the employer to post the bond. When the employer missed the final deadline, the court dismissed the appeal and entered judgment in the amount of the Labor Commissioner award. By the time the appeal was dismissed in March 2008, more than six months had passed from the time of the Labor Commissioner award. According to the legal services organization representing this case, during these six months the defendant employer transferred assets and shut down operations of its business. [¶] Current law says that whenever an employer files an appeal, the employer shall post an undertaking with the reviewing court; however, current law does not specify when this needs to occur. This bill is needed to specify that as a condition to filing an appeal with the superior court on a Labor Commissioner decision, an employer must <u>first</u> post a bond in the amount of the judgment rendered in the administrative hearing." (Sen. Com. on

11

Labor and Industrial Relations, Assem. Bill No. 2772 (2009-2010 Reg. Sess.) as amended April 8, 2010, pp. 1-2, underscoring in original.)

In addition, the analysis had this to say about the *Progressive Concrete* decision: "Despite the legislative history of [the 2000 amendment of section 98.2(b), indicating that the undertaking should be filed before the appeal of a wage order], in 2006 a California appellate court determined that the requirements of Labor Code section 98.2(b) are merely 'directory' (and not 'mandatory and jurisdictional'). Progressive Concrete Inc. v. Parker, 136 Cal.App.4th 540, 548 (2006). [¶] As a practical matter, this means that when an employer fails to post the required bond, a court may not simply dismiss the appeal, but instead must first issue an order directing the employer to post the bond. This also means that an employee must generally retain counsel to file a motion for such an order. If the employer disobeys the court order by failing to post the bond, then the court may dismiss the appeal. [¶] The court in Progressive Concrete reasoned that a 'promptly issued trial court order requiring an appealing employer to post the undertaking by a certain date would have substantially the same effect and thereby accomplish the same legislative purpose' as permitting the court simply to dismiss an appeal when no bond is posted. Id. at 548. The bill would specify that an employer wishing to appeal an adverse Labor Commissioner Order, Decision, or Award (ODA) must <u>first</u> post a bond." (Sen. Com. on Labor and Industrial Relations, Assem. Bill No. 2772 (2009-2010 Reg. Sess.) as amended April 8, 2010, pp. 3-4, underscoring in original.)

The analysis represented that, according to the bill's proponents, *Progressive Concrete* "is *plainly inconsistent with the clear purpose behind enactment of Section 98.2(b)*." (Sen. Com. on Labor and Industrial Relations, Assem. Bill No. 2772 (2009-2010 Reg. Sess.) as amended April 8, 2010, p. 4; italics added.) Under the heading of "Proponent Arguments," the analysis continued: "Proponents argue that the effect of the appellate court's holding is to leave entirely to the discretion of a court whether or not to issue an order requiring the posting of the bond. *In addition*, [proponents] argue that this ruling has provided an avenue for unscrupulous employers to delay entry of judgment by filing — at no cost — frivolous appeals of Labor Commissioner awards that they have no intention of

12

pursuing. [¶] Furthermore, [proponents] argue that while such appeals may ultimately be dismissed when employers fail to obey a court order to post a bond, *the delay has allowed defendants to hide or transfer assets, resulting in uncollectible judgments and no bond to cover the amount*. According to proponents, this is *precisely the reason that Section 98.2(b) was included in [the 2000 amendment] in order to prevent employers from filing frivolous appeals to avoid ever paying valid wage claims*. The author and proponents believe that this bill simply restores the original purpose of [the 2000 amendment of section 98.2's] employer appeal bond provision to require the posting of the undertaking with the court as a precondition to filing an appeal." (*Id*. at p. 4, italics added.) The analysis indicated that no opposition to the bill had been received. (*Id*. at. p. 5.)

In short, the legislative history makes it crystal clear that the 2010 amendment of section 98.2(b) was to cure the perceived evils wrought by *Progressive Concrete*, and to accomplish the following purposes: (1) to emphasize that the undertaking was mandatory and that it would have to be filed "first," as a condition to filing the appeal; (2) to minimize the need for an employee to file a motion to dismiss; (3) to avoid delays in the dismissal of frivolous appeals for which no bond has been posted; and (4) to make sure employers would not have time to "hide or transfer assets, resulting in uncollectible judgments."

These purposes are accomplished by making the undertaking requirement — including the deadline for posting the undertaking — mandatory and jurisdictional: as long as a notice of appeal cannot be filed without an undertaking, the absence of an undertaking means the appeal does not come into existence, and thus there is no need for the employee to move to dismiss and no delay in obtaining a dismissal; further, by not allowing the posting deadline to be extended, the employer does not have time to hide or transfer assets. And sure enough, in effecting these purposes, the Legislature used essentially the language that *Progressive Concrete* had identified as rendering an undertaking requirement mandatory and jurisdictional. In sum, the clear legislative intent in the 2010 amendment of section 98.2 was to require employers to post an undertaking by the time the notice of appeal is filed, and for this requirement to be jurisdictional and thus incapable of extension by the court.

13

F.  Public Policy and Statutory Purposes

The purpose of section 98.2(b), as described by our Supreme Court, is to "discourage employers from filing frivolous appeals and from hiding assets in order to avoid enforcement of the judgment." (*Sonic, supra*, 51 Cal.4th at p. 673.)  As mentioned, this purpose is furthered if the deadline for posting the undertaking is jurisdictional: precluding judicial extension of the deadline discourages employers from filing frivolous appeals for purposes of delay (at least without an undertaking) and minimizes the time in which an employer might hide assets.

Furthermore, recognizing the underlying requirements to be jurisdictional furthers the broader purposes of the statutory scheme.  By precluding an employer from even filing a notice of appeal without an undertaking, the employee does not have to expend time and money in procuring a dismissal or enduring trial de novo proceedings pending the ruling, thus furthering the purpose of "reduc[ing] the costs and risks of pursuing a wage claim," "deter[ring] employers from unjustifiably prolonging a wage dispute by filing an unmeritorious appeal," and ultimately "ensuring that workers are paid wages owed." (*Sonic, supra,* 51 Cal.4th at p. 679.)  Similarly, recognizing the requirement of a timely undertaking to be jurisdictional, rather than directory, avoids delays in the finality and enforcement of the Commissioner's wage order.  The longer that an employer may string out the process by filing a notice of appeal and obtaining extensions to post an undertaking, the longer and more expensive the process for the employee (and the court) and the greater the opportunity for the employer to avoid the consequences and purpose of the order, either by dallying, running up litigation costs in the trial de novo procedure, or divesting itself of assets to deprive the employee of any possibility of enforcement.

Not only does the jurisdictional requirement protect the employee and the court, it does no harm to the employer who chooses in good faith to "appeal" the Commissioner's order.  There is no indication in the record — or otherwise brought to our attention — of any significant hardship for an employer to satisfy the undertaking requirement by the deadline provided for filing the notice of appeal.  After all, an employer embroiled in a wage proceeding before the Commissioner must be aware of at least the possibility of an

14

adverse decision, and will certainly possess ample advance notice of the necessity of posting an undertaking to pursue a trial de novo: the employer knows that the Commissioner's decision must be issued within 15 days of the hearing; and the employer knows that an undertaking must be posted, along with the notice of appeal, within 10 days of service of the Commissioner's award — with an additional five days if the award is served by mail. (§ 98.1, subd. (a); § 98.2(a).) There is no evidence or argument here that an employer cannot obtain an undertaking during the allotted time.

Finally, even if the jurisdictional undertaking requirement did affect the availability of the *trial de novo* process for employers, by no means does it deprive the employer of a full and fair opportunity to be heard on the employee's wage claim. The primary process for deciding wage claims is *not* the trial de novo reflected in section 98.2, but the administrative procedure reflected in section 98; requiring a timely bond for a trial de novo does nothing to minimize the employer's ability to make its case during the administrative process. A jurisdictional undertaking requirement therefore poses no barrier to a fair adjudication of the wage claim, but merely conditions the availability of a further trial de novo process that the Legislature does not have to provide at all.

G. Respondents' Arguments

We have considered all of respondents' arguments, and we find them unpersuasive. In part they point out that that the Legislature, in amending section 98.2, did not address certain other bases for *Progressive Concrete*'s conclusion that the prior statutory language was merely directory: the new language in section 98.2(b) did not expressly state that the deadline for posting the undertaking is jurisdictional, or explicitly identify a consequence or penalty for failure to post the undertaking. In addition, respondents note that the Legislature did not formally announce, in the language of the statute or its enactment, that it was intending to overrule *Progressive Concrete*. (Cf. *Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363, 1384 [Legislature expressly stated its intent, "in enacting this act, to overturn the decision in *Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345," citing Stats.2003, ch. 93, § 1, p. 790].)

15

The short response to these arguments is that there was no reason for the Legislature to do so.  The statute now plainly provides that the Commissioner's order is final unless a notice of appeal is timely filed, and the filing of a notice of appeal by an employer is conditioned on the posting of an undertaking first.  The obvious consequence of not posting the undertaking is that a notice of appeal cannot be filed, the court never obtains jurisdiction, and the Commissioner's order becomes final.  The change in the statutory language is so significant and purposeful that *Progressive Concrete*'s holding plainly cannot apply, and the jurisdictional nature of the requirements must be inferred.  While we require the Legislature to be clear, we do not require it to be redundant.

Respondents further argue that statutory requirements setting the time within which to act are generally directory, unless a contrary intent is clearly expressed.  (E.g., *Edwards v. Steele* (1979) 25 Cal.3d 406, 410 (*Edwards*); *Santa Monica Properties v. Santa Monica Rent Control Bd.* (2012) 203 Cal.App.4th 739, 757.)  Here, however, a contrary intent *has* been expressed.  Moreover, the cases on which respondents rely are fundamentally inapposite.  Although the cases dealt with the distinction between mandatory and directory deadlines, they involved deadlines for a *court* or other tribunal to act *after* the court had already obtained jurisdiction in the case, not a deadline for a *party* to act *so that* the court could obtain jurisdiction.[7]

---

[7]   Respondents proclaim that "analogous" statutes specifying mandatory time frames are "almost universally" construed as directory rather than jurisdictional.  But not one of the string-cited cases addressed the type of deadline here, pertaining instead to instances in which a tribunal's failure to act by a deadline did not deprive it of the jurisdiction it had *already* attained.  (*California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1137-1138, 1148 [time limit in Gov. Code, § 18671.1 for state personnel board to render a decision on state employee's appeal from departmental disciplinary action was merely directory, such that board did not lose its jurisdiction]; *Koll Hancock Torrey Pines v. Biophysica Foundation, Inc.* (1989) 215 Cal.App.3d 883, 887 [time limit for filing of arbitrator's decision was merely directory, such that the arbitrator did not lose jurisdiction to decide the matter]; *Lopes v. Millsap* (1992) 6 Cal.App.4th 1679, 1684-1687 [same]; *Edwards, supra,* 25 Cal.3d at pp. 412-413 [time for board of permit appeals to act on appeal was directory]; *Liberty Mut. Ins. Co. v. Ind. Acc. Com.* (1964) 231 Cal.App.2d 501, 508-510 [deadline for commission to file award was directory]; *Koehn v. State Board of Equalization*

In addition, respondents urge, whether a statutory requirement to do an act is mandatory and jurisdictional depends on whether the failure to comply will have some consequence, such as invalidating the act. (See *Edwards*, *supra*, 25 Cal.3d at p. 410; *Garrison v. Rourke* (1948) 32 Cal.2d 430, 435-436, overruled on another ground in *Keane v. Smith* (1971) 4 Cal.3d 932, 939; see also *People v. Allen* (2007) 42 Cal.4th 91, 101 (*Allen*).) Here, the failure to comply with the requirement to post an undertaking definitely has a consequence — no notice of appeal can be filed (or, if filed, would be invalidated) and the court therefore is not vested with jurisdiction. (See *id.* at p. 104 [requirement of filing a recommitment petition before the end of the commitment term is mandatory, not directory].)[8]

In light of the plain meaning of the statutory language, the statutory context, the statutory purpose, the source of the language used by the Legislature, and the legislative history, we hold that the undertaking requirement of section 98.2(b) is mandatory and jurisdictional, and that the court has no authority to extend the deadline for posting the undertaking beyond the deadline for filing the notice of appeal. Accordingly, the trial

_____

(1958) 166 Cal.App.2d 109, 118-119 [time for appeals board to enter decision on appeal was directory], superseded by statute on other grounds; *Keller v. Sutrick* (1863) 22 Cal. 471, 473 [deadline for referee to report findings was directory]; *McDonald's Systems of California, Inc. v. Board of Permit Appeals* (1975) 44 Cal.App.3d 525, 544-545, fn. 15 [not deciding the issue, but citing cases that construed deadlines for a court to act, after obtaining jurisdiction in a matter, to be merely directory in the absence of stating a penalty or consequence for missing the deadline].)

[8] Respondents also tell us that, if the Legislature intends to abrogate a statutory right to appeal, such intent must be clearly stated. (Citing *In re Matthew C.* (1993) 6 Cal.4th 386, 394, superseded by statute on other grounds; *In re S.B.* (2009) 46 Cal.4th 529, 537.) These cases, however, addressed whether a statute created an exception to the general reviewability on appeal of orders in dependency proceedings. (*In re Matthew C.*, at p. 393; *In re S.B.*, at p. 537.) Thus, while these cases pertained to the *denial* of an appeal from a court proceeding, section 98.2 merely places a *condition* on a trial de novo from an administrative proceeding. Moreover, while the issue in *In re Matthew C.* and *In re S.B.* was whether a statute took away the right to appeal already established in the law, section 98.2 sets the terms by which the trial de novo arises in the first place. In any event, the intent to condition the trial de novo on a timely undertaking is clear from section 98.2(b), as now amended.

17

court erred in declining to dismiss respondents' appeal, and the judgment must be reversed.

III.  DISPOSITION

The judgment is reversed.  Palagin shall recover his costs on appeal from respondents.

_____
                                                NEEDHAM, J.

We concur.


_____
JONES, P.J.


_____
BRUINIERS, J.

Superior Court of the City and County of San Francisco, No. CGC-12-522131, Lynn O'Malley Taylor, Judge, Retired.

The Law Office of George W. Wolff, George W. Wolff and Kristin Kerr, for Plaintiff and Appellant.

Law Offices of Frank S. Moore, APC., and Frank S. Moore, for Paniagua Construction, Inc., and Alfred Martinez, individually and doing business as Martinez & Sons Contractors, Defendants and Respondents.