Filed 1/11/23  Badart v. Dept. of Industrial Relations CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| EGAN BADART,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEPARTMENT OF INDUSTRIAL RELATIONS,<br><br>    Defendant and Respondent. | B313987<br><br>(Los Angeles County Super. Ct. No. 20STCP01699) |


APPEAL from a dismissal order of the Superior Court of the County of Los Angeles, Mitchell L. Beckloff, Judge.  Affirmed.

Mailly Law, Guy E. Mailly, for Plaintiff and Appellant.

Department of Industrial Relations, Casey Raymond, for Defendant and Appellant.

# I.  INTRODUCTION

The trial court dismissed plaintiff Egan Badart's petition for writ of administrative mandate challenging certain assessments and penalties imposed by the Department of Industrial Relations (the Department) on the grounds he failed to timely post bond or request waiver of the requirement.  On appeal, plaintiff contends the dismissal violated his due process rights and his Sixth Amendment right to counsel.  We affirm.

# II.  FACTUAL AND PROCEDURAL BACKGROUND

## A.  *Wage and Penalty Citations*

On December 18, 2018, the Department issued to plaintiff and others[1] (1) a wage assessment citation (wage citation)—WA 479801—for failure to pay minimum wages (Labor Code, § 1197[2]), failure to pay overtime wages (§558, subd. (a)) and failure to comply with the itemized wage statement provision (§226, subd. (e)(1));[3] and (2) a penalty assessment citation

---

[1]  In addition to plaintiff, the citations named two corporations and a limited liability company—Leelin Enterprises, Inc. (Leelin, Inc.), Goodness Corporation of California (Goodness), and Pamilja, LLC (Pamilja)—and three individuals—Michael, Mendrei, and Menard Leelin.

[2]  All further statutory references are to the Labor Code, unless otherwise indicated.

[3]  The wage citation assessed a total of of $3,102,978.69 in wages and civil penalties.

(penalty citation)—PA 479802—for failure to provide itemized wage statements.[4] The citations advised plaintiff of his rights (1) to appeal the citations before an administrative hearing officer; and (2) to seek review of the hearing officer's decision by filing a petition for writ of mandate in the superior court.

B. *Administrative Hearing*

In January 2019, attorney Serafin Tagarao, from the firm of Carothers, Disante & Freudenberger, requested a citation appeal hearing on behalf of plaintiff and certain other entities[5] named in the citations. In August 2019, an administrative hearing officer held an evidentiary hearing pursuant to section 1197.1.[6]

On April 1, 2020, the hearing officer issued his findings and order on the citations, including a finding that plaintiff "directed the underpayments of minimum . . . and overtime [wages] and the failure to keep accurate records and issue legally required compliant wage statements." The officer therefore concluded that plaintiff was "subject to individual liability under . . . sections 558 and 1197.1 and [was] thus jointly and severally liable for the

---

[4] The penalty citation assessed an additional civil penalty of $492,000.

[5] Attorney Tagarao informed the hearing officer that, in addition to plaintiff, he represented Goodness, Leelin, Inc., and Pamilja.

[6] As discussed below, during the hearing, plaintiff submitted as an exhibit a civil complaint filed against him by Goodness, Leelin, Inc., Mendrei Leelin, and Menard Leelin.

entirety of the two citations, as affirmed." On that same date, the hearing officer served by mail a notice of findings on civil penalty citation/assessment advising plaintiff that he had the right to petition for writ of mandate in the superior court within 45 days of service of the notice.

C.    *Petition for Writ of Mandate and Request to Waive Bond*

On May 18, 2020, attorney Tagarao filed a petition for writ of administrative mandate in the trial court seeking to set aside the hearing officer's decision against plaintiff. In the last paragraph of the petition, plaintiff advised that he would "be filing a motion pursuant to Code of Civil Procedure section 995.240 to petition [the court] to waive the bond requirement pursuant to . . . section 1197.1 upon the assignment of a case number."

On July 1, 2020, plaintiff filed a motion to waive the bond requirement "on the ground that [he was] unable to give the bond as principal because he [was] indigent and . . . unable to obtain sufficient sureties . . . ." The motion was supported by plaintiff's declaration stating that he had "loaned most of [his] available financial assets" to other entities named in the citations and that he had no income other than social security.

In August 2020, the Department demurred to the petition, arguing, among other things, that the trial court lacked jurisdiction to consider a portion of the requested writ because plaintiff failed to timely submit a bond or request a waiver. The Department also opposed the motion to waive the bond on the grounds that the court lacked jurisdiction to consider the

4

untimely waiver request and that plaintiff had failed to carry his burden of demonstrating indigence.

Plaintiff opposed the demurrer and also filed a reply in support of his motion to waive the bond, contending that because he timely filed his writ petition and gave notice of his intent to request a bond waiver, the trial court could consider his motion absent prejudice to the Department.  Plaintiff also maintained that he had satisfied his burden to show that he was indigent.

D.    *Rulings on Petition and Motion*

On December 18, 2020, the trial court held a hearing on the demurrer and bond waiver request.  During the hearing, in response to observations by the court, the Department explained that although it originally sought, on demurrer, dismissal of only a portion of the petition, it now sought dismissal of the entire petition; it therefore requested that the court set an order to show cause (OSC) hearing regarding dismissal.

Following the hearing, the trial court issued an order sustaining the demurrer, in part, and denying plaintiff's request for bond waiver.  The court found that plaintiff did not timely file his request for a waiver and also found, in the alternative, that plaintiff's factual showing of indigence was insufficient.  The court therefore denied the request to waive bond and set an OSC "re dismissal for failure to post a bond."

E.    *OSC Hearing*

Prior to the OSC hearing, the Department filed a brief in support of an order dismissing the case in its entirety, and

plaintiff, now represented by new counsel, filed an opposition to the OSC. On April 21, 2021, the trial court held a hearing on the OSC, following which it issued a minute order dismissing without prejudice the writ petition for failure to post bond. It also entered that same day a signed order of dismissal without prejudice as to the entire action. On June 21, 2021, plaintiff filed a notice of appeal from the order of dismissal.

### III.   DISCUSSION

#### A.   *Notice of Right to Appeal and Trial De Novo*

Plaintiff contends that, at the time the hearing officer filed the decision on the citations, the Labor Commissioner[7] had a statutory duty under section 98.1[8] to provide notice of plaintiff's right to appeal the decision to the superior court and obtain a trial de novo. According to plaintiff, the Department's failure to provide him with such notice violated his due process rights and warrants reversal. We disagree.

---

[7]   The Labor Commissioner is the Chief of the Department's Division of Labor Standards Enforcement. (§ 21.) Our references to the Department will therefore include the Commissioner.

[8]   Section 98.1, subdivision (a), provides, in pertinent part: "Upon filing of the order, decision, or award [on an individual employee's wage claim under section 98], the [Department] shall serve a copy of the decision . . . . The notice shall also advise the parties of their right to appeal the decision or award . . . ."

1. <u>Legal Principles</u>

The Labor Code provides more than one procedural mechanism for enforcing its protections for employees. "California's Labor Code includes numerous statutes 'designed to protect the health, safety, and compensation of workers.' [Citation.] Some statutes allow employees to sue for damages, typically in the form of wage compensation. [Citation.] Others allow the Labor Commissioner to issue citations and bring administrative proceedings to recover lost wages on behalf of affected employees or to impose regulatory penalties for various forms of employer misconduct." (*LaFace v. Ralphs Grocery Co.* (2022) 75 Cal.App.5th 388, 393 (*LaFace*).)

An aggrieved employee may pursue an individual wage claim in a judicial or administrative proceeding. (See §§ 218, 1104; *Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1084.) In addition, the Labor Code authorizes the Department to initiate enforcement proceedings against an employer and seek various remedies. (See e.g., §§ 1193.6, subd. (a) [authorizing the Department to commence a civil action for "unpaid overtime compensation" with or without the consent of the aggrieved employee]; 558, subd. (a) [authorizing an administrative proceeding to recover a civil penalty from an employer for violating any provision regulating the hours and days of work].)

The citations here were issued as part of an administrative enforcement action by the Department under sections 1197.1, 558, and 226.3. Subdivision (b) of section 1197.1 sets forth the Department's authority to issue a citation for failure to pay

7

minimum wages[9] and provides, in relevant part:  "If, upon inspection or investigation, the [Department] determines that a person has paid or caused to be paid a wage less than the minimum under applicable law, the [Department] may issue a citation to the person in violation.  . . .  The [Department] shall promptly take all appropriate action . . . to enforce the citation and to recover the civil penalty assessed, wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203 in connection with the citation."

Decisions in administrative proceedings initiated by an employee wage claim or a Department-initiated enforcement action are both subject to appellate review, either by way of direct appeal or administrative mandamus.  "The Labor Code includes penalty provisions that are reviewed by way of administrative mandate or by a trial de novo following an informal hearing process that may be requested after the issuance of an administrative citation.  (§§ 98–98.2 [Labor Commissioner is authorized to investigate employee complaints, issue citations awarding unpaid wages or penalties, and hold informal hearings that are reviewed by a trial de novo in superior court], 226–226.5

---

[9]     Subdivision (b) of section 558 similarly provides:  "If upon inspection or investigation the [Department] determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, . . . the [Department] may issue a citation.  The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the [Department] . . . shall be the same as those set out in Section 1197.1."  Section 226.3 vests the Department with the authority to assess and recover statutory penalties for violation of the itemized wage statement requirements of section 226.  (*LaFace, supra*, 75 Cal.App.5th at p. 393.)

[authorizing review by administrative mandate after informal hearing for citation issued due to failure to properly itemize wages and deductions on pay stub], 558, 1197.1 [citations imposing penalties for violations of IWC orders follow the citation and informal hearing process, with review by administrative mandate].)" (*LaFace, supra*, 75 Cal.App.5th at p. 398.)

### 2.    Analysis

Plaintiff's contention that he was entitled to notice of his right to appeal and obtain a trial de novo proceeds from the flawed premise that the hearing officer's decision was rendered under the provisions of sections 98 through 98.2.  As noted, however, the citations were issued as part of an administrative enforcement action undertaken pursuant to sections 226, 558, and 1197.1.  Decisions in such actions are entitled to appellate review, but only by way of administrative mandamus, not direct appeal.  Because plaintiff received notice of his right to file a petition for writ of administrative mandate and pursued that right in the trial court, we find no due process violation.

### B.    *Conflict of Interest*

Plaintiff next contends that the hearing officer violated his Sixth Amendment right to counsel by failing to investigate a conflict of interest when it arose during the administrative hearing.  According to plaintiff, the hearing officer either knew or should have known that there was an actual conflict of interest requiring a continuance because plaintiff submitted an exhibit

9

showing that his counsel was simultaneously representing parties with conflicting interests.

### 1. Background

At the outset of the citation proceedings, attorney Tagarao informed the hearing officer that he would be representing Pamilja, Goodness, and Leelin, Inc., in addition to plaintiff. During the hearing, plaintiff submitted as an exhibit a complaint that showed he was a defendant in a civil action brought by, among others, Pamilja, Goodness, and Leelin, Inc. The lawsuit had been filed by an attorney other than Tagarao. In his decision, the hearing officer concluded that the complaint was "not proof of anything except the initiation of said lawsuit in Los Angeles [County] Superior Court." But his decision did not state, imply, or discuss whether attorney Tagarao was representing parties with interests in the administrative proceeding that conflicted with plaintiff's interests.

During the subsequent proceedings in the trial court on the writ petition, plaintiff was represented by attorney Tagarao at the hearing on the demurrer and bond waiver motions; there was no mention of any conflict in the papers filed before the hearing; and attorney Tagarao did not raise the issue of any potential conflict of interest during the hearing. Moreover, even after plaintiff retained new counsel prior to the OSC, the court was not apprised of any issue concerning the alleged conflict.

## 2.    Forfeiture

The Department contends that plaintiff waived his Sixth Amendment challenge based on the alleged conflict of interest by failing to raise it in the trial court.  We agree.

It is well established that a party who fails to raise an irregularity in a proceeding at the time it occurs, forfeits the opportunity to assert it for the first time on appeal.  "[A]s a general rule, 'the failure to object to errors committed at trial relieves the reviewing court of the obligation to consider those errors on appeal.' [Citations.]  This applies to claims based on statutory violations, as well as claims based on violations of fundamental constitutional rights.  [Citations.]" (*In re Seaton* (2004) 34 Cal.4th 193, 198.)

The record does not reflect that plaintiff raised the issue of a potential conflict during the administrative proceeding.  Moreover, plaintiff's counsel had an opportunity to address the issue in his OSC brief or, at a minimum, raise it at the OSC hearing.  His failure to do so in either proceeding deprived the hearing officer, trial court, and the Department of the opportunity to respond to the issue.  Plaintiff therefore forfeited the conflict of interest claim on appeal.

Even if we considered the issue on appeal, we would reject it.  The Sixth Amendment right to counsel only applies, by its express terms, to "criminal prosecutions." (U.S. Const., 6th Amend.)  Thus, the constitutional right to counsel provided for in the Sixth Amendment and the California Constitution (Cal. Const., art. I, § 13) "is guaranteed specifically in *criminal prosecutions.*  The guaranty does not, by virtue of the specific language of these provisions apply to civil proceedings.

11

Administrative proceedings are civil in nature." (*Borror v. Department of Investment* (1971) 15 Cal.App.3d 531, 539–540.)

C.   *Bond Waiver Request*

Plaintiff next argues that the trial court's ruling on the timeliness of his bond waiver request violated his right to due process as an indigent.  But in doing so, he concedes that he did not post bond or file a request to waive bond within the 45 day time limit in section 1197.1, subdivision (c)(3).[10]  He also concedes that the two cases relied upon by the trial court— *Palagin v. Paniagua Construction, Inc.* (2014) 222 Cal.App.4th 124, 140 and *Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 347—hold that the time limit to post bond or seek a waiver is mandatory and jurisdictional and that their holdings under section 98.2 apply with equal force to petitions filed under section 1197.1.  Plaintiff nevertheless urges us to deviate from that authority and excuse the late filing of his motion to waive bond because he gave notice of his intent to seek a waiver of the bond before the Department sought to dismiss the writ.

We decline plaintiff's invitation to deviate from the well-established, and well-reasoned, authority holding that a failure to

---

[10]   Section 1197.1, subdivision (c)(2) authorizes a party seeking review of a decision by the hearing officer to file a petition for writ of mandate "within 45 days of service of the notice of findings, findings, and order thereon."  Subdivision (c)(3) provides:  "As a condition to filing a petition for a writ of mandate, the petitioner seeking the writ shall first post a bond with the [Department] equal to the total amount of any minimum wages, contract wages, liquidated damages, and overtime compensation that are due and owing . . . ."

timely file a request to waive bond is a jurisdictional defect that deprives a trial court of the authority to consider a petition for writ of administrative mandate.  We therefore conclude the trial court did not err by dismissing the writ.[11]

---

[11]    Plaintiff does not challenge on appeal the court's alternative ruling that plaintiff failed to carry his burden to demonstrate that he was indigent.  (Code Civ. Proc., § 995.240.)

## IV.   DISPOSITION

The order of dismissal is affirmed.  The Department is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



RUBIN, P. J.



BAKER, J.