Filed 11/19/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NICOLE DOBARRO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD KIM,<br><br>    Defendant and Appellant. | A173001<br><br>(San Francisco City & County Super. Ct. No. CPF-25-518894) |
| NICOLE DOBARRO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>QUEENS SF, LLC,<br><br>    Defendant and Appellant. | A174032<br><br>(San Francisco City & County Super. Ct. Nos. CPF-25-518895, CGC-24-617683) |

The Labor Commissioner ruled against Edward Kim and his business, Queens SF, LLC (collectively "Kim"), in a labor claim filed by his former employee, Nicole Dobarro.[1]  Kim sought to appeal to the superior court, but he filed his appeal one day late.  (See Lab. Code, § 98.2, subds. (a)-(b), (d).)[2]  He now challenges the superior court's determination that his appeal was untimely, contending that the deadline should be tolled.  Because his arguments lack merit, we affirm.

---

[1] The separate appeals of Kim (A173001) and Queens SF, LLC (A174032) were consolidated for all purposes by this court's order of September 18, 2025.

[2] Undesignated statutory references are to the Labor Code.

1

## BACKGROUND

### A.

To obtain review of a Labor Commissioner decision, a party must file a timely appeal to the superior court.  (See Lab. Code, § 98.2, subd. (a); *Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 341 (*Burkes*).)  A party must file the appeal within 10 days of service of that decision, or within 15 days where, as here, the decision was served by mail.  (See Lab. Code, § 98.2, subd. (a); Code Civ. Proc., § 1013, subd. (a).)

In addition, when an *employer* pursues an appeal, it must first post an undertaking in the amount of the challenged award. (See § 98.2, subd. (b); *Burkes, supra,* 26 Cal.App.5th at p. 344; *Palagin v. Paniagua Construction., Inc.* (2013) 222 Cal.App.4th 124, 130 (*Palagin*).)  Because the undertaking is "a condition to filing an appeal" from a Labor Commissioner's decision (§ 98.2, subd. (b)), the employer must either post the undertaking or, in the event of indigency, apply for a waiver within the same deadline applicable to the filing of an appeal.  (See *Burkes*, at p. 344; *Palagin*, at p. 131.)

These procedures aim to encourage the prompt payment of wages due (*Pressler v. Donald L. Bren Co.* (1982) 32 Cal.3d 831, 837 (*Pressler*)) and to discourage employers from filing frivolous appeals and hiding assets (*Burkes, supra,* 26 Cal.App.5th at p. 342; *Palagin, supra,* 222 Cal.App.4th at pp. 130-131).

### B.

After Dobarro filed a claim against Kim with the Labor Commissioner's Office, the Labor Commissioner awarded her $74,419.82 based on unpaid overtime and other violations.  The Labor Commissioner's decision was served by mail on August 14, 2024.

Kim retained a third-party filing service, which attempted to electronically file a notice of appeal and a motion for a waiver of the undertaking requirement on August 29, the last day for filing an appeal to the superior court. (See § 98.2, subds. (a), (b).) On August 30, the clerk rejected Kim's electronic filing; the service filed the documents in person that same day. (See § 98.2, subd. (a).)

Dobarro opposed Kim's waiver motion, arguing that the court lacked jurisdiction over the matter due to Kim's untimely filing. Kim's response included a declaration from his attorney asserting that "[a]ny delay was due to an error by the third-party filing vendor, not due to a late filing by our office or our client."

The trial court concluded that Kim's appeal was untimely and denied the motion.[3]

## DISCUSSION

Kim does not dispute that he missed the statutory deadline but argues that the deadline is subject to equitable tolling. Reviewing the issue de novo, we disagree. (See *People v. Serna* (2025) 109 Cal.App.5th 563, 569 [explaining that statutory interpretation questions are reviewed de novo].)

The issue is well settled. Our Supreme Court has held that section 98.2's deadline for seeking review of a Labor Commissioner decision is "mandatory and jurisdictional." (*Pressler*, *supra*, 32 Cal.3d at pp. 837-838; see also *Burkes*, *supra*,

---

[3] In connection with his reply brief in this court, Kim filed a declaration postdating the trial court's decision in this case. Because evidence not before the trial court may not be considered on appeal, we disregard Kim's extra-record evidence. (See *Mize v. Mentor Worldwide LLC* (2020) 51 Cal.App.5th 850, 855, fn. 4.) Also, we deny as unnecessary Dobarro's request for judicial notice of the San Francisco County Superior Court's "Electronic Filing (E-Filing) Information" webpage.

26 Cal.App.5th at p. 341; *Palagin, supra,* 222 Cal.App.4th at p. 132.) A "late filing [of a notice of appeal] may not be excused on the grounds of mistake, inadvertence or excusable neglect." (*Pressler*, at p. 837.) The only exception is fraud (§ 98.2, subd. (d)), which Kim does not claim. Likewise, this court has held that the deadline for filing an undertaking or seeking a waiver of that requirement is also mandatory and jurisdictional and may not be extended. (*Burkes*, at p. 347; *Palagin*, at p. 140.) "[S]trict adherence" to the time limit in section 98.2 serves the Legislature's overall goal of ensuring expeditious payment of wages to workers. (*Pressler*, at p. 837.)

Kim ignores these precedents. Instead, he relies on an unreported superior court decision, which is improper. (See Cal. Rules of Court, rule 8.1115(a); *Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 399.) He also cites a tolling statute that is inapplicable on its face. When a court rejects a complaint or a cross complaint for electronic filing, Code of Civil Procedure section 1010.6 allows tolling of "any statute of limitations applicable to the causes of action alleged in the complaint or cross complaint." (Code Civ. Proc., § 1010.6, subd. (e)(4)(E).) The statute says nothing about tolling the statutory deadlines for filing an appeal from a Labor Commissioner decision or for a motion to waive an undertaking requirement. Indeed, Code of Civil Procedure section 1010.6 elsewhere refers to "notice[s] of appeal" (see Code Civ. Proc., § 1010.6, subd. (a)(3)(B)(iii)), but that term is tellingly absent from subdivision (e)(4)(E), the provision relied upon by Kim. Moreover, Kim makes no attempt to argue that the statute impliedly repeals the relevant Labor Code provisions and abrogates *Pressler, supra,* 32 Cal.3d 831, and its progeny. Because Kim's notice of appeal and application for a waiver of the undertaking requirement were untimely, the trial court lacked jurisdiction.

4

We issued an order to show cause indicating that we were considering sanctioning counsel for pursuing a frivolous appeal or appealing solely to cause delay. (See Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276(a)(1).) In response, counsel stated, among other things, that trial courts have issued inconsistent rulings on the applicability of Code of Civil Procedure section 1010.6, subdivision (e)(4)(E), in this context. Accordingly, we publish this case. Although we will not order sanctions, we take this opportunity to remind attorneys that they must properly develop their legal arguments, which includes candidly addressing contrary authority.

## DISPOSITION

The trial court's order is affirmed.

BURNS, J.

WE CONCUR:


JACKSON, P.J.
SIMONS, J.

*Dobarro v. Kim (A173001) / Dobarro v. Queens SF, LLC (A174032)*

5

Superior Court of the City and County of San Francisco, Nos. CPF-25-518894, CPF-25-518895 and CGC-24-617683, Labor Commissioner Hearing Officer Ryan Ybanez and The Hon. Richard B. Ulmer, Jr.

Gordon Rees Scully Mansukhani, LLP, Marie Trimble Holvick and Ryan J. Greenspan, for Defendants and Appellants.

Devito Law Group, Gina DeVito and Angie L. Guevara, for Plaintiff and Respondent.